Jerome **FORTSON**, Plaintiff-Appellant,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**, Defendant-Appellee.

No. 84–3217.

United States Court of Appeals, Eleventh Circuit.

Jan. 28, 1985.

Rehearing and Rehearing En Banc Denied March 8, 1985.

Nathaniel W. Tindall, II, Ronald H. Trybus, Tampa, Fla., for plaintiff-appellant.

Thomas B. Matthews, Tampa, Fla., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and SIMPSON, Senior Circuit Judge.

RONEY, Circuit Judge:

Jerome Fortson appeals from the district court's order dismissing his state law claim against St. Paul Fire & Marine Insurance Co. ("St. Paul") for lack of diversity of citizenship between the parties. Under federal law, in a direct action against an insurance company asserting a claim against the insured for which the company is liable, the citizenship of the insured is imputed to his insurer for diversity jurisdiction purposes. 28 U.S.C.A. § 1332(c). Fortson claims this provision is not applicable to Fla.Stat.Ann. § 624.155, which provides that a person may bring an action against an insurer for failure to settle in good faith a claim against the insured. Although we hold that the section 1332(c) proviso does not apply to an action under section 624.155, so that in this case the Florida citizenship of the insured would not be imputed to St. Paul, we affirm the dismissal of the action on the ground that plaintiff's suit was prematurely brought and thus failed to state a cause of action.

Plaintiff's wife died as a result of complications from the administration of anesthesia during a caesarean-section delivery performed on March 16, 1983 by Dr. Michael

T. McNamara, a Florida citizen, for whom St. Paul carried malpractice insurance. Plaintiff informed St. Paul of his possible malpractice claim against Dr. McNamara. St. Paul responded by denying liability on behalf of its insured. On April 7, 1983, plaintiff, proceeding pursuant to section 624.155(2), notified St. Paul and the Florida Department of Insurance of his intention to bring an action against St. Paul for failure to resolve his claim against the insured in good faith. Plaintiff filed this action against St. Paul in federal district court on June 16, 1983.

 Plaintiff's action is not a "direct action" within the meaning of 28 U.S.C.A. § 1332(c), which provides in pertinent part that

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen....

That section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. *See Hernandez v. Travelers Insurance Co.,* 489 F.2d 721, 723 (5th Cir.) (holding workers' compensation insurer deemed by section 1332(c) to be citizen of state of which insured is citizen in suit brought by insured's injured employee), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction. *Beckham v. Safeco Insurance Co.,* 691 F.2d 898, 901–02 (9th Cir.1982); *Velez v. Crown Life Insurance*

*Co.,* 599 F.2d 471, 473 (1st Cir.1979). We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action. *Walker v. Firemans Fund Insurance Co.,* 260 F.Supp. 95, 96 (D.Mont.1966). *See also Irvin v. Allstate Insurance Co.,* 436 F.Supp. 575, 577 (W.D.Okla.1977) (holding action by insured against his own insurer under uninsured motorist provisions of policy not a "direct action" within section 1332(c) proviso); *Bourget v. Government Employees Insurance Co.,* 313 F.Supp. 367, 371 (D.Conn.1970) (holding action by judgment creditor of insured against insurer for bad faith failure to settle claim against insured not a "direct action" within section 1332(c) proviso), *rev'd on other grounds,* 456 F.2d 282 (2d Cir.1972).

 In the current case, the district court reasoned that Fortson's cause of action for bad faith could "only be premised upon the relationship of Plaintiff and Defendant vis-a-vis Defendant's insured and as such, this action is a direct action within the meaning of 28 U.S.C.A. § 1332(c)." Of course, Fortson never would have had any dealings with St. Paul were it not for the injury allegedly caused by Dr. McNamara and the contract of insurance between him and St. Paul. But it is the cause of action asserted against the defendant insurer, not the relationship of the insurer to the insured, that determines the applicability of the section 1332 "direct action" proviso. "[C]ourts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham,* 691 F.2d at 901–02. Plaintiff could not have sued Dr. McNamara for failure to settle in good faith. The cause of action is based on the insurer's individual legal statutory duty to settle claims in good faith. Thus, for purposes of determining diversity of citizenship in a section 624.155 action, a court is

limited to examining the insurance company's state of incorporation and principal place of business. 28 U.S.C.A. § 1332(c). The complaint alleges that Fortson is a Florida resident and St. Paul is "a foreign corporation licensed to do business in Florida." Since St. Paul did not show that either its state of incorporation or its principal place of business is in Florida, the parties are citizens of different states and the court had subject matter jurisdiction.

■ Even though the district court erred in determining it did not have subject matter jurisdiction, we affirm its dismissal without prejudice on the defendant's argument that plaintiff's cause is premature. Fla.Stat.Ann. § 624.155 does not indicate whether a claim for wrongful failure to settle in good faith may be brought prior to obtaining a judgment establishing the underlying primary liability, much less before even instituting a lawsuit.

(1) Any person may bring a civil action against an insurer when such person is damaged:

....

(b) By the commission of any of the following acts by the insurer:

1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests....

Fla.Stat.Ann. § 624.155. To date no Florida court has interpreted that statute. Plaintiff points out that the 1982 Florida Legislative Staff Report issued with section 624.155 stated that "[t]his section could be activated after the filing of a third-party suit by an amendment to the complaint." Plaintiff reasons that this comment obviously indicates that he is not required to obtain a judgment against the insured before commencing an action under section 624.155. We think, however, that this comment recognizes that determining the merits of a 624.155 claim would be facilitated by resolution of the merits of the underlying claim, and that joining the two claims might promote judicial efficien-

cy and provide a context for deciding whether the insurer in fact acted in bad faith. At the very least, the comment contemplated the two claims being brought together, not for the good faith claim being brought first.

That the Florida Legislature would not intend to permit an action of this kind to be brought prior to resolution of the underlying claim is reflected in its reaction to a judicial decision concerning direct action claims. In *Shingleton v. Bussey*, 223 So.2d 713 (Fla.1969), the Florida Supreme Court adopted a third-party beneficiary concept to hold that a liability insurance company could be joined as a defendant in a suit against its insured for a cause of action covered by the policy. The Florida Legislature sought to modify that concept by passing Fla.Stat.Ann. § 627.7262(1), which provides:

It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

In upholding this section against constitutional attack, the Supreme Court of Florida noted that "[t]he statute is quite clear that no cause of action against an insurance company shall accrue until a judgment against an insured is obtained." *VanBibber v. Hartford Accident & Indemnity Insurance Co.*, 439 So.2d 880, 882 (Fla. 1983).

Whether or not section 627.7262(1) is directly applicable to a section 624.155 good faith action, the premature bringing of the good faith action prior to a determination of the primary liability claim presents intractable proof problems and permits anomalous results that would compel the decision here, absent clear Florida statutory or case law to the contrary. The damages plaintiff seeks can only be determined after the liability of St. Paul's insured has been established. Florida law has always re-

quired the insured to be a party to that determination even during the time after *Shingleton* when the insurance company could be joined as a party. Allowing plaintiff to proceed first against the insurer under a section 624.155 good faith failure to settle claim could lead to the insurer being held liable for bad faith failure to settle even though its insured might later be found not liable in the underlying tort action. Nothing in the statutory language of section 624.155 suggests that the Florida legislature intended such an anomalous possibility.

In view of the decision that plaintiff's suit is premature, we need not address St. Paul's constitutional challenges to the statute.

The district court's dismissal of this action is affirmed on the sole ground that plaintiff's claim was brought prematurely and therefore failed to state a cause of action. The dismissal is, of course, without prejudice to the filing of the lawsuit at a time when it is no longer premature.

AFFIRMED.