506 So.2d 1162 (1987)
Steven D. SCHIMMEL and Paula K. Schimmel, Appellants,
v.
The AETNA CASUALTY & SURETY COMPANY, Appellee.
No. 86-1430.
District Court of Appeal of Florida, Third District.
May 12, 1987.
*1163 McDermott, Will & Emery and Steven D. Schimmel and Paula K. Schimmel, Miami, for appellants.
Blackwell, Walker, Fascell & Hoehl and Todd A. Cowart, Miami, and Diane H. Tutt, Hollywood, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Plaintiffs Steven and Paula Schimmel appeal from an order entering final summary judgment in favor of defendant, The Aetna Casualty and Surety Company (Aetna). The pertinent facts are as follows.
In 1982, the Schimmels purchased insurance from Aetna to cover household goods to be shipped from Tampa to Miami by common carrier. Following the goods' delivery in Miami, the Schimmels discovered that many of their antique and artwork items had been damaged in transit. Although the Schimmels notified the carrier and submitted a claim for damages, settlement negotiations between the two ultimately reached an impasse. The Schimmels then submitted a claim for personal property damages to Aetna pursuant to their insurance policy, however, Aetna did not pay the claim. Hence, the Schimmels filed Case No. 84-10226 in Dade Circuit Court, wherein they sued Aetna for breach of contract. The case proceeded to non-jury trial. In the final judgment, the trial court awarded the Schimmels compensatory damages, attorney's fees, and costs. Aetna satisfied the full amount of the judgment entered against it.
The Schimmels subsequently filed the instant action against Aetna, Case No. 85-18159, in Dade Circuit Court, seeking, inter alia, compensatory damages because of Aetna's failure to attempt in good faith to settle the Schimmels' insurance claim in violation of section 624.155(1)(b)(1), Florida Statutes (1983).[1] After the cause was set *1164 for trial by jury, Aetna moved for summary judgment of dismissal on the grounds that this action is barred by the doctrines of res judicata, collateral estoppel, merger, and the rule against splitting causes of action. The trial court considered the written and oral arguments in support of and in opposition to Aetna's motion. It granted the motion upon a ruling that the doctrine against impermissibly splitting causes of action bars this action as a matter of law. The Schimmels appeal, and we affirm upon the following analysis.
The rule against splitting causes of action requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942). Beck v. Pennsylvania Nat'l Mut. Casualty Ins. Co., 279 So.2d 377 (Fla. 3d DCA 1973). The rule is founded on the sound policy reason that the finality it establishes promotes greater stability in the law, avoids vexatious and multiple lawsuits arising out of a single incident, and is consistent with the absolute necessity of bringing litigation to an end. McKibben v. Zamora, 358 So.2d 866, 868 (Fla. 3d DCA 1978) (citing Mims v. Reid, 98 So.2d 498 (Fla. 1957)). Application of the rule is restricted to claims which are part of a single and indivisible cause of action, therefore, a plaintiff who is not authorized to join two or more claims cannot later be met with the defense that he split his cause of action. 1A C.J.S. Actions § 179(a) (1985). Moreover, because the rule is one made by the courts, it would not be applied if doing so would frustrate the law or result in injustice. See generally 1 Fla.Jur.2d Actions § 58 (1977).
The trial court entered a summary dismissal of the instant case upon a determination that it was incumbent on the Schimmels to seek all their remedies against Aetna in the first lawsuit.[2] The Schimmels argue, however, that this is a case where the rule against splitting causes of action should not be applied. Specifically, they rely upon Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157 (11th Cir.1985), for the proposition that their section 624.155 claim would have been dismissed as premature if it had been asserted together with their initial breach of contract claim. The Schimmels' reliance is misplaced because Fortson is totally distinguishable.
Fortson involved the death of a patient resulting from complications from the administration of anesthesia during a caesarean-section delivery. The decedent's widower notified the attending physician's insurance carrier that he might have a potential malpractice claim against its insured. The insurance carrier denied liability. Then, without filing any lawsuit at all against either the insured or the insurer, the plaintiff proceeded to file a section 624.155 action against the insurance carrier for failure to settle in good faith a claim against the insured. The Eleventh Circuit Court of Appeals affirmed the trial court's dismissal, without prejudice, of the widower's section 624.155 claim. It reasoned:
[P]laintiff's cause is premature. Fla. Stat. Ann. § 624.155 does not indicate whether a claim for wrongful failure to settle in good faith may be brought prior to obtaining a judgment establishing the underlying primary liability, much less before even instituting a lawsuit ... We think ... that determining the merits of a 624.155 claim would be facilitated by resolution of the merits of the underlying claim, and that joining the two claims might promote judicial efficiency and provide a context for deciding whether the insurer in fact acted in bad faith. At the very least, the [legislature] contemplated the two claims being brought *1165 together, not for the good faith claim being brought first. (Emphasis supplied.)
751 F.2d at 1160.
Clearly, Fortson does not control disposition of the instant case. First, that case involved a third party liability insurance situation rather than an action, such as the one before us, brought by an insured against his own insurance carrier. While the Fortson holding is based upon the concern that "[a]llowing plaintiff to proceed first against the insurer under a section 624.155 ... could lead to the insurer being held liable for bad faith failure to settle even though its insured might later be found not guilty in the underlying tort action," Fortson, 751 F.2d at 1161, such a concern simply does not exist under the facts of the instant case. Second, even a cursory reading of Fortson reveals that the section 624.155 claim therein was dismissed as premature because it was brought prior to, rather than together with, the underlying action. In fact, although the Fortson court did not have to resolve the issue of whether a section 624.155 claim may be maintained simultaneously with the underlying claim, it strongly and repeatedly implied that it may. Fortson, 751 F.2d at 1160.
The Schimmels could have brought the instant case together with Case No. 84-10226. In contrast with the Fortson plaintiff, they initially filed a direct action against their own insurer because they did not receive the amount they felt they were entitled to under their claim. If Aetna was liable under section 624.155 for bad faith failure to settle that claim, that liability, as well as the facts necessary to prove it, existed at the time the first trial commenced. Accordingly, the trial court correctly concluded, in the absence of genuine issues of material fact, that the rule against splitting causes of actions bars this claim as a matter of law. We have reviewed all other points raised on appeal and find that no reversible error has been demonstrated.
Affirmed.
NOTES
[1] Section 624.155 provides, in pertinent part:

(1) Any person may bring a civil action against an insurer when such person is damaged:
* * * * * *
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests.
[2] The Schimmels currently allege that as a result of Aetna's violation of section 624.155(1)(b)(1), they suffered severe distress and disruption to their lives. They further allege that they are substantially indebted to their attorneys for services rendered in the prosecution of Case No. 84-10226 because the fee award in that case was insufficient.