533 So.2d 787 (1988)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Christine L. KELLY, As Personal Representative of the Estate of Eric David Allen, Deceased, Respondent.
No. 88-0820.
District Court of Appeal of Florida, Fourth District.
August 31, 1988.
Rehearing Denied December 7, 1988.
*788 James K. Clark of Barnett, Clark & Barnard, Miami, for petitioner.
Craig M. Greene of Solomon, Murphy & Cote, P.A., Fort Lauderdale, for respondent.
DOWNEY, Judge.
State Farm Mutual Automobile Insurance Company petitions this court for a writ of certiorari to review an order of the circuit court that 1) denied its motion to abate count II of the amended complaint and 2) overruled its objections to respondent's request for production of State Farm office files and other documents.
The action below involves a two-count amended complaint commenced by Christine L. Kelly, as personal representative of the Estate of Eric David Allen, a deceased minor, to recover damages for the minor's death in a motorcycle accident. Count I of the amended complaint sought uninsured motorist benefits arising out of a contract of insurance issued by State Farm to Carol Ann McCulley, mother of Eric David Allen.
Kelly filed a request for production of 1) the entire claim file from State Farm relative to the claim in question and 2) any and all manuals, correspondence, memoranda, or similar documentation providing guidelines for State Farm relative to settlement and negotiations of claims. State Farm objected to the production request on the grounds of work product and attorney-client privileges. In addition, State Farm moved to abate count II, which stated a cause of action for bad faith pursuant to chapter 624, Florida Statutes (1985). The trial court denied the motion to abate and overruled State Farm's objections to production. The petition seeks to quash that order.
We find no departure from the essential requirements of law in regard to the denial of the motion to abate count II. Petitioner contends that the bad faith claim contained in said count should be abated until entitlement to the uninsured motorist benefits claimed in count I is decided favorably to Kelly. However, the joinder of the bad faith claim with the claims for UMI benefits appears to be provided for in chapter 624. Case law support for the joinder appears in Fortson v. St. Paul Fire and Marine Insurance Company, 751 F.2d 1157 (11th Cir.), reh'g denied, 757 F.2d 287 (11th Cir.1985) and Opperman v. Nationwide Mutual Fire Insurance Company, 515 So.2d 263 (Fla. 5th DCA 1987). See also Staff Report, 1982, Insurance Code Sunset Revision (H.B.4F, as amended, H.B. 10G) (June 3, 1982). Thus, abatement under these circumstances is not indicated.
The second question presented, i.e., the validity of the trial court's order denying State Farm's objections to the request for production appears to be controlled by our recent decision in Manhattan National Life Insurance Company v. Kujawa, 522 So.2d 1078 (Fla. 4th DCA 1988). There this court stated:
We hold that an insurer which is not in a fiduciary relationship to its insured and against which a cause of action is brought under section 624.155 is entitled to protection against production of its legal department file (and its claim file by whatever name) on the basis of both work product immunity and attorney-client privilege to the same extent as any other litigant.

*789 Whether all or a portion of the matter sought to be discovered is protected by work product immunity, see Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985), or by the attorney-client privilege, and, if protected by work product immunity but not the attorney-client privilege, whether the appropriate showing under rule 1.280(b)(2), Florida Rules of Civil Procedure, can be made, see Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987), are matters which remain for the trial court's determination.
Id. at 1080. Following the holding of that case, we must grant the writ of certiorari and quash the order overruling State Farm's objection to the production sought. It remains for the trial court to determine the extent of the work product and attorney-client privilege upon further consideration of the matter.
Accordingly, we grant the petition for writ of certiorari and quash the order overruling State Farm's objections to production. We deny the writ in all other respects, and remand the cause for further proceedings consistent herewith.
DELL and WALDEN, JJ., concur.