614 So.2d 553 (1993)
Ernesto SIVILLA, M.D., P.A., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 91-2477.
District Court of Appeal of Florida, Third District.
February 2, 1993.
Rehearing Denied April 6, 1993.
*554 Aurell, Radey, Hinkle & Thomas and John Beranek, Tallahassee, for appellant.
Walton Lantaff Schroeder & Carson and Geoffrey B. Marks, Miami, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Ernesto Sivilla from an adverse final summary judgment entered below in a first party bad faith action against the defendant State Farm Insurance Mutual Automobile Insurance Company under Section 624.155, Florida Statutes (1989), arising from the defendant's failure to settle the plaintiff's insurance claim. We reverse.
The plaintiff had an insurance policy on his automobile with the defendant; the automobile was involved in a motor vehicle accident and the plaintiff submitted a collision insurance claim. The defendant refused the claim, and, accordingly, the plaintiff filed a two-count complaint against the defendant for (1) breach of the underlying insurance contract, and (2) a bad faith claim. The court, upon a stipulated order, bifurcated the two claims and tried the contract claim first as required by Blanchard v. State Farm Automobile Insurance Co., 575 So.2d 1289 (Fla. 1991). This latter claim was tried by a jury, resulting in a $41,000 judgment based on two items of damages submitted to the jury: the cost of repair/replacement cost of the automobile plus loss of use damages. Thereafter, the trial court entered a summary judgment for the defendant on the bad faith claim on the ground that "all damages sought by the plaintiff were previously pled and sought in the trial of the other count against this [d]efendant in this lawsuit. Because the record fails to reveal any new elements of damage arising solely from the [d]efendant's purported bad faith, summary judgment is warranted" (R.300-01).
We disagree and reverse because, simply stated, many of the items of damage sought by the plaintiff in the bad faith claim were not sought by plaintiff at the trial of the breach of contract claim and were therefore not passed upon by the jury at that trial. It is true that plaintiff pled such damages in his breach of contract claim, but, in effect, he abandoned such damages when the case was tried. This being so, there can be no bar to the plaintiff proceeding on his bad faith claim for those items of damage which were not, in fact, tried and determined on the breach of contract claim. We have not overlooked the defendant's contrary arguments and other points, but are not persuaded thereby. See McLeod v. Continental Ins. Co., 591 So.2d 621 (Fla. 1992); Day v. Weadock, 104 Fla. 251, 140 So. 668 (1932); Barnacle Bill's Seafood Galley, Inc. v. Ford, 453 So.2d 165, 167 (Fla. 1st DCA 1984).
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.