662 So.2d 956 (1995)
Manuel RUBIO and Modesto Haydee Rubio, Appellants,
v.
STATE FARM FIRE & CASUALTY CO. and Michele Vincent-Belizaire, Appellees.
No. 94-2821.
District Court of Appeal of Florida, Third District.
August 16, 1995.
Leesfield, Leighton, Rubio & Hillencamp, P.A., and Maria L. Rubio, Miami, and Sally Gross-Farina, Coral Gables, for appellants.
*957 Adorno & Zeder, P.A., and Raoul G. Cantero, III, Coconut Grove, for appellees.
Levin, Middlebrooks, Mabie, Thomas, Mayes, & Mitchell, P.A. and Louis K. Rosenbloum, Pensacola, for the Academy of Florida Trial Lawyers, Amicus Curiae.
Before JORGENSON, GERSTEN and GREEN, JJ.

ON MOTION FOR CLARIFICATION
PER CURIAM.
State Farm Fire & Casualty Co.'s motion for clarification is granted, the original panel opinion in this case is withdrawn and the following opinion is substituted:
This is an appeal from an order of the trial court dismissing with prejudice Manuel and Modesto Rubio's (Rubios) amended complaint against State Farm Fire & Casualty Co. (State Farm) and its claims representative, Michele Vincent-Belizaire, for breach of an insurance contract, intentional infliction of emotional distress and tortious failure to pay. We reverse.
On January 20, 1994, the Rubios' home was burglarized and personal items totalling $6,650 were taken. The Rubios promptly notified State Farm, their homeowner's insurer, of the loss. According to the Rubios, when State Farm unreasonably failed to conclude its investigation and satisfy their claim, the suit below was filed in August 1994. The original complaint filed by the Rubios was dismissed with leave to amend. The Rubios thereafter filed a three count amended complaint: count I  breach of contract; count II  intentional infliction of emotional distress; and count III  tortious failure to pay.[1] On a motion to dismiss, the trial court dismissed with prejudice the second and third counts based upon the economic loss rule as expressed in Casa Clara Condominium Ass'n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993) and remanded the breach of contract claim to the county court.
It was error for the trial court to dismiss the amended complaint with prejudice, without giving the Rubios the opportunity to amend the complaint to allege statutory first party bad faith pursuant to section 624.155, Florida Statutes (1993).[2] The legislature enacted this provision to extend to first parties a bad faith cause of action when the insurer engages in any of the enumerated violations, such as unreasonable failure to investigate a claim or unfair claim settlement practices. McLeod v. Continental Ins. Co., 591 So.2d 621 (Fla. 1992); Hollar v. International Bankers Ins. Co., 572 So.2d 937 (Fla. 3d DCA 1990), rev. dismissed sub nom State Farm Mut. Auto. Ins. Co. v. Hollar, 582 So.2d 624 (Fla. 1991).
As explained in Opperman v. Nationwide Mut. Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987), there is a legal duty on the part of the insurer to deal with its insureds in good faith, and this legal duty is independent of any contractual obligation. Id. at 267 (citations omitted). Violation of this duty gives rise to a cause of action described as a tortious breach of contract. Id., see generally 16A John Allen and Jean Appleman, Insurance Law and Practice § 8877.25 (1981). Prior to the enactment of section 624.155, there was no common law cause of action for first party bad faith, but the insured could allege an independent tort such as fraud or intentional infliction of emotional distress. Opperman, 515 So.2d at 265; World Ins. Co. v. Wright, 308 So.2d 612 (Fla. 1st DCA), cert. denied, 322 So.2d 913 (Fla. 1975).
Section 624.155 permits any person to bring a civil action for damages against the insurer. The compensatory damages recoverable pursuant to the statute includes all those damages reasonably foreseeable as a *958 result of the violation, section 624.155(7), attorneys' fees and costs, section 624.155(3), and, in appropriate cases, punitive damages, section 624.155(4). McLeod. The statute does not preempt any common law cause of action or remedy available, including the common law remedy of bad faith, section 624.155(7), though the statute does not create any new common law causes of action.
Since the Rubios alleged that State Farm engaged in an unfair claim settlement practice when it neither investigated nor resolved their claim within a several month period after being notified of the loss, the trial court erred when it dismissed the amended complaint with prejudice and did not allow the Rubios to amend the complaint to assert the statutory cause of action.
State Farm further argues that the first party bad faith action must be dismissed or stayed until the underlying action, i.e., the breach of contract action, is decided. We disagree.
The cases cited by State Farm to support their argument stand for the common sense proposition that where there is an underlying action to resolve liability and damages on an uninsured/underinsured motorist claim, the underlying action must be resolved first in the insured's favor and damages awarded before there is any duty on the insurer to pay on the claim. Imhof v. Nationwide Mut. Ins. Co., 643 So.2d 617 (Fla. 1994); Blanchard v. State Farm Mut. Auto Ins. Co., 575 So.2d 1289 (Fla. 1991).[3] Obviously, if it is determined that there is no liability on the part of the uninsured or underinsured motorist for the accident, no obligation arises for the insurer to pay the claim. A party suing its insurer for bad faith failure to settle an uninsured motorist claim may not conduct discovery on the claim file until the underlying claim is resolved. Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368 (Fla. 2d DCA 1991).[4]
State Farm also cites Colonial Penn Ins. Co. v. Mayor, 538 So.2d 100 (Fla. 3d DCA 1989), another uninsured motorist case dealing with abatement of the bad faith claim and the discoverability of the insurance claim file while the underlying liability suit was pending. Colonial Penn was quashed by this court in Royal Ins. Co. v. Zayas Men's Shop, Inc., 551 So.2d 553 (Fla. 3d DCA 1989), a breach of insurance contract case. The court stated:
Although we have held under similar circumstances that a writ of certiorari lies to quash such a trial court order and to require the abatement of the bad faith claim, see Independent Fire Ins. Co. v. Lugassy, 538 So.2d 550 (Fla. 3d DCA 1989); Colonial Penn Ins. Co. v. Mayor, 538 So.2d 100 (Fla. 3d DCA 1989); Allstate Ins. Co. v. Lovell, 530 So.2d 1106 (Fla. 3d DCA 1988), one of our primary bases for so holding was that such a failure to abate would otherwise result in irreparable harm to the defendant/insurer, namely that the latter would necessarily be required in this joint action to disclose in discovery a vital item solely on the bad faith claim which it would not otherwise be required to disclose on the breach of the insurance contract claim, to wit: the insurance claim file. The Florida Supreme Court, however, has since held that the insurance claim file is no longer automatically discoverable on the bad faith claim as to matters which fall within the attorney-client privilege and the work product privilege. Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989). That being so, it is plain that the underpinnings for the Mayor, Lovell, and Lugassy decisions are no longer viable, and that such decisions no longer state the law.

Id. at 554 (emphasis added). See also United Serv. Auto. Asso. v. Grant, 555 So.2d 892, 893 (Fla. 1st DCA 1990) ("As the reasoning in Mayor no longer states the law, we adopt the position set forth in State Farm Mut. Auto Ins. Co. v. Kelly, 533 So.2d 787 (Fla. 4th DCA 1988).") (uninsured motorist case).
*959 In State Farm Mut. Auto. Ins. Co. v. Kelly, 533 So.2d 787 (Fla. 4th DCA 1988), an uninsured motorist case, the court stated:
We find no departure from the essential requirements of law in regard to the denial of the motion to abate count II. Petitioner contends that the bad faith claim contained in said count should be abated until entitlement to the uninsured motorist benefits claimed in count I is decided favorably to Kelly. However, the joinder of the bad faith claim appears to be provided for in chapter 624. Case law support for the joinder appears in Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157 (11th Cir.), reh'g denied 757 F.2d 287 (11th Cir.1985) and Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987). See also Staff Report, 1982, Insurance Code Sunset Revision (H.B.4F, as amended, H.B. 10G) (June 3, 1982). Thus, abatement under these circumstances is not indicated.
Id. at 788.
In Allstate Ins. Co. v. Melendez, 550 So.2d 156, 158 (Fla. 5th DCA 1989) (unpaid medical bill after auto accident), the court stated: "Based on the Florida Supreme Court's holding in Kujawa, it is not only proper to join a first party bad faith claim with a coverage claim, but it also appears that abatement is not necessary because the insured is not entitled to a broader scope of discovery in the first party bad faith cause of action." (citing Kelly).[5]
Whether one uses the rationale of Kujawa, Zayas and Melendez (no need to abate bad faith action because insurer's work product and attorney-client privileges now protected) or the rationale of Kelly (chapter 624 provides for joinder of bad faith claim with underlying claims), State Farm's argument that the first party bad faith claim must be dismissed or stayed until the breach of contract issue is resolved is not correct.
The order of the trial court is reversed and remanded with directions to allow the Rubios to amend their complaint against State Farm. State Farm's motions for rehearing, rehearing en banc and/or certification of the issue to the Florida Supreme Court as being of great public importance are denied. No further motions for rehearing will be entertained.
NOTES
[1] We note that the Rubios failed to plead in count III that they complied with the statutory notice requirements of section 624.155(2)(a), Florida Statutes (1993). Filing the required notice is a condition precedent to bringing a first party bad faith claim.
[2] By dismissing the amended complaint with prejudice based on the economic loss rule, which bars claims for tort damages in a contractual setting where there are only economic losses, see Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987), the trial court abrogated the rights granted to insureds by section 624.155 and the common law. Courts cannot willy nilly strike down legislative enactments. Second Dist. Court of Appeal v. Lewis, 550 So.2d 522, 526 (Fla. 1st DCA 1989).
[3] Blanchard specifically did not rule on the question of mandatory or permissive joinder of the bad faith claim with other contractual causes of action.
[4] Further facts of the case may be found in Michigan Millers Mut. Ins. v. Bourke, 581 So.2d 1365 (Fla. 2d DCA 1991), aff'd 607 So.2d 418 (Fla. 1992).
[5] The court did allow the trial to be bifurcated, with the coverage issue to be tried first. The parties herein are free to file motions with the trial court asking for the same procedure.