710 So.2d 195 (1998)
Carl STALLINGS, Jr., etc., et al., Appellants,
v.
KENNEDY ELECTRIC, INC., Appellee.
No. 97-1412.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
Paul M. Meredith, John F. Sproull and David H. McCoy, Palatka, for Appellants.
Carl B. Schwait, Kelly B. Pritchard and David A. Cornell of Dell, Graham, Willcox, Barber, Jopling, Schwait, Gershow & Specie, P.A., Gainesville, for Appellee.
DAUKSCH, Judge.
The appellant challenges the trial court's dismissal with prejudice of its fourth amended complaint. The fourth amended complaint contains counts for negligence, negligence per se and statutory damages due to the alleged faulty electrical wiring by the appellee, who was the electrical subcontractor hired by the general contractor to install electrical wiring during the construction of appellants' home.[1] Appellants contend that two fires which occurred in their new home were the product of faulty electrical wiring by appellee. The alleged damages were "lost use and enjoyment of their home", "additional rental expense", and "to completely rewire the home." We affirm the dismissal with prejudice of the negligence and negligence per se counts but reverse as to the statutory claim under section 553.84, Florida Statutes (1995).
Section 553.84 provides a cause of action where a defendant has injured a plaintiff by violating the building code or doing construction without the required permit and states as follows:

Notwithstanding any other civil remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of violation of this part or the State Minimum Building Codes, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.
*196 (emphasis added). The trial court reasoned that the statute has its basis in a negligent act which would therefore subject the claim to the economic loss rule. However, barring appellants' statutory claim under section 553.84 based on the economic loss rule would essentially abolish the statutory cause of action.
The issue of whether the economic loss rule precludes statutory causes of action has been considered in Rubio v. State Farm Fire & Casualty Co., 662 So.2d 956 (Fla. 3d DCA 1995) rev. den., 669 So.2d 252 (Fla.1996). In Rubio, the trial court ruled that the economic loss rule eliminated the insured's statutory cause of action for bad faith established by section 624.155, Florida Statutes (1993). See Id. at 957. The Third District reversed and stated:
By dismissing ... with prejudice based on the economic loss rule, which bars claims for tort damages in a contractual setting where there are only economic losses, the trial court abrogated the rights granted to insureds by section 624.155 and the common law. Courts cannot willy nilly strike down legislative enactments.

Id. at 957 n. 2 (emphasis added; citations omitted).
The Second District followed Rubio in the case of Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997) where the court overturned a trial court ruling that the economic loss rule barred a cause of action based on the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201-.213, Florida Statutes (1993). Id. at 611. In Delgado, just as in this case, the statute created an express statutory cause of action. In Delgado, just as in this case, the statute provided that the statutory remedies were in addition to other remedies. The Delgado court rejected the idea that the economic loss rule eliminated the statutory cause of action stating:

[C]ourts do not have the right to limit and, in essence, to abrogate, as the trial court did in this case, the expanded remedies granted to consumers under this legislatively created scheme by allowing the judicially favored economic loss rule to override a legislative policy pronouncement and to eliminate the enforcement of those remedies. In sum, any tension between the legislative policy embodied in the FDUTPA and the judicial policy embodied in the economic loss rule must be resolved under the doctrine of separation of powers in favor of the legislative will so long as the FDUTPA passes constitutional scrutiny.[2]
Id. at 609 (emphasis added; citations and footnote omitted).
A few months after Delgado, the Third District decided Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 22 Fla. L. Weekly D2192 (Fla. 3d DCA Sept.17, 1997). One of the issues in Comptech was the effect of the economic loss rule upon claims brought under section 553.84. The court ruled that the economic loss rule does not permit a cause of action for economic damages brought under the South Florida Building Code where the claims are clearly contractual in nature and the cause of action is inseparably connected to the breaching party's performance under the agreement. Id. at D2192. The court reasoned that a claim under section 553.84 is subsumed by the economic loss rule because the economic losses are no different than those that could have been asserted in a breach of contract action. Id. at D2193.
Notwithstanding the fact that the statute has its basis in a negligent act and violation thereof would require the same proof as a breach of contract, the statute is very clear. It begins "notwithstanding any other remedies available, any ... party ... damaged as a result of a violation ... has a cause of action ... against the ... party who committed the violation." § 553.84 Fla. Stat. (1996). The legislature has clearly set forth that a party can sue under section 553.84 in addition to any other remedy. Affirming the trial court's ruling essentially eliminates the statutory cause of action. The Comptech court addressed this issue stating that a statutory claim could be brought as long as the claim did not arise under a contract. Id. at D2193. In purchasing a new home, this is a meaningless assurance because homeowners *197 almost invariably buy pursuant to a written contract.
The economic loss rule does not apply to statutory causes of action and should not be used as a sword to defeat them. This is particularly the case where the statute declares that a cause of action exists "notwithstanding any other remedies available" like section 553.84. The trial court's dismissal with prejudice of the statutory claim under section 553.84 is therefore reversed. We also certify conflict with Comptech Int'l, Inc. v. Milam Commerce Park, Ltd., 22 Fla. L. Weekly D2192 (Fla. 3d DCA Sept.17, 1997).
AFFIRMED in part, REVERSED in part, REMANDED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Appellants/homeowners did not allege privity with the appellee/subcontractor.
[2] It should be noted that the constitutionality of section 553.84 is not an issue on this appeal.