**Steven L. FISHKIN, Plaintiff,**

v.

**THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 97–7319–CIV–MORENO.**

United States District Court, S.D. Florida.

July 24, 1998.

---

**1366**

Gary S. Phillips, Phillips, Eisinger, Koss & Rosenfeldt, P.A., Hollywood, FL, for Plaintiff.

William J. Gallwey III, Gallwey, Gillman, Curtis, Vento & Horn, P.A., Miami, FL, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT ·

MORENO, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion to File Amended Complaint, filed on *May 29, 1998.*

THE COURT has considered the motion, responses and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Steven L. Fishkin is the insured under a Guardian Individual Disability Insurance Policy providing a monthly benefit for total disability of $4,000.00. In December 1995, Fishkin submitted to Guardian a notice of claim for total disability from June 13, 1995, arising from back pain that rendered him disabled. Guardian began to pay total

disability benefits to Fishkin, but on September 27, 1996, Guardian notified Fishkin that no additional benefits would be paid based upon the report of a medical examination by Dr. Joseph Kalbac. Based on the conflict between Fishkin's doctor and Guardian's doctor, Fishkin requested that Guardian send him to another doctor for a third opinion. Dr. Stephen Nemerofsky then allegedly reported to Guardian that Fishkin was indeed totally disabled.

In September 1997, Plaintiff filed a two count complaint in state court alleging breach of contract based on Guardian's termination of the payments to Fishkin (Count I) and seeking a declaration that Fishkin was and is entitled to the total disability benefits under the Policy (Count II). In October 1997, Defendant Guardian removed the case to this Court. Plaintiff now seeks to amend the complaint to add an additional count for bad faith pursuant to Section 624.155, Fla. Stat. (1997) based on Guardian's denial of Fishkin's claim for benefits after one of Guardian's own doctors found that Fishkin was totally disabled.

### II. LEGAL ANALYSIS

The question currently before the Court is whether Plaintiff may amend his complaint, which arises from his insurance company's refusal to make payments under the disability insurance policy, to add a bad faith claim under Section 624.155, Fla. Stat. (1997) [1] prior to a determination of the underlying claim for recovery under the policy. Defendant argues in opposition to the motion for leave to file the amended complaint that Florida law does not permit Plaintiff's claim for insurance bad faith to be asserted prior to the resolution, favorable to the insured, of the underlying claim for recovery under the policy. The Court agrees with Guardian's assertion.

---

1. Section 624.155, Fla. Stat. (1997) provides in pertinent part:
   (1) Any person may bring a civil action against an insurer when such person is damaged:
   . . . .
   (b) By the commission of any of the following acts by the insurer:

1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests[.]

As Defendant notes, the Florida Supreme Court has specifically found that an insured's bad faith claim against an uninsured/underinsured motorist carrier for failure to settle may not be brought until the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1290 (Fla.1991) (Barkett, J.).[2] In *Blanchard*, which arose from questions of Florida law that had been certified by the Eleventh Circuit Court of Appeals, the court rejected the argument that the insured improperly split the causes of action by not asserting the bad faith claim with the underlying claim on the policy. The Florida Supreme Court explained:

> [A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

*Id.* at 1291; *see also Imhof v. Nationwide Mut. Ins. Co.*, 643 So.2d 617, 619 (Fla.1994) (affirming the reasoning of *Blanchard* and finding "that a complaint for a bad-faith claim requires an allegation that there has been a determination of damages").

Plaintiff argues that *Blanchard* and *Imhof* are limited to uninsured motorist claims and thus do not apply to disability claims. Plaintiff relies primarily on a case from Florida's Third District Court of Appeal that found that the bad faith claim can be joined with the underlying claim prior to resolution of the underlying suit in cases not involving uninsured/underinsured motorists. *Rubio v. State Farm Fire & Cas. Co.*, 662 So.2d 956,

958 (Fla. 3d DCA 1995), *cert. denied*, 669 So.2d 252 (Fla.1996). The *Rubio* court reasoned that *Imhof* and *Blanchard* merely "stand for the common sense proposition that where there is an underlying action to resolve liability and damages on an uninsured/underinsured motorist claim, the underlying action must be resolved first in the insured's favor and damages awarded before there is any duty on the insurer to pay on the claim." *Rubio*, 662 So.2d at 958 (citations omitted). *Rubio* involved a suit by insureds against a homeowner's insurer that allegedly engaged in an unfair claim settlement practice when it failed to investigate or resolve the insureds' theft claim within several months of being notified of the loss. The *Rubio* court, after limiting *Blanchard* and *Imhof*, found that this bad faith claim need not be stayed or dismissed until the underlying breach of contract action was decided.

Plaintiff Fishkin's bad faith claim arises from Guardian's alleged improper conduct in denying his claim for disability benefits. Plaintiff asserts that *Rubio* controls here because, as in the present case, *Rubio* did not involve an uninsured/underinsured motorist claim. Plaintiff posits that under *Rubio*, his bad faith claim should not have to wait for a second trial after Plaintiff prevails on liability in the first.

This Court must reject Plaintiff's reliance on *Rubio* and *Rubio's* limitation of *Blanchard*, based on the *Blanchard* court's disapproval of another decision of the Third District Court of Appeal. *Schimmel v. Aetna Cas. & Sur. Co.*, 506 So.2d 1162 (Fla. 3d DCA 1987) involved plaintiffs who had insurance to cover the shipment of household goods by common carrier, and thus did not involve uninsured/underinsured motorist claims. The *Schimmel* court found that the bad faith claim was indivisible from the underlying contractual claim and that the two claims should have been brought together to avoid improper splitting of the causes of action. However, in *Blanchard*, the Florida Supreme Court expressly found that *Schimmel* was "erroneously decided." *Blanchard*, 575

---

**2.** Then–Justice Rosemary Barkett is now a Circuit Judge on the United States Court of Appeals for the Eleventh Circuit.

**1368**

So.2d at 1291. The *Blanchard* court's rejection of *Schimmel* convinces this Court that the rule of *Blanchard* should not be limited to uninsured/underinsured motorist cases.

The Court also notes that prior to *Rubio*, another panel of the Third District Court of Appeal apparently agreed that *Blanchard's* reasoning should not be confined to uninsured/underinsured motorist cases. *See Utah Home Fire Ins. Co. v. Navarro*, 642 So.2d 1200 (Fla. 3d DCA 1994). Citing *Blanchard*, the *Navarro* court, in a one sentence opinion, simply quashed an order below that had refused to stay a bad faith claim pending resolution of the underlying coverage dispute. *See id.* at 1201. However, a review of the Petition for Writ of Certiorari from *Navarro*, filed by Guardian in this case, reveals that *Navarro* involved homeowners' insurance, rather than uninsured/underinsured motorist insurance.

### III. CONCLUSION

This Court thus finds that pursuant to the Florida Supreme Court's decisions in *Blanchard* and *Imhof,* Plaintiff cannot assert his bad faith claim based on Guardian's denial of his claim for disability benefits until liability and damages have been resolved on the underlying causes of action currently pending before this Court. The *Blanchard* court's rejection of *Schimmel,* which is particularly instructive on this issue, prevents this Court from agreeing with *Rubio's* attempts to limit the reach of *Blanchard* and *Imhof.*

It is therefore ADJUDGED that Plaintiff's Motion to File Amended Complaint, filed on *May 29, 1998,* is DENIED.