741 So.2d 624 (1999)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Joyce BAUGHMAN f/k/a Joyce Neal, Respondent.
No. 99-00774.
District Court of Appeal of Florida, Second District.
September 24, 1999.
Lori J. Caldwell and David B. Shelton of Rumberger, Kirk & Caldwell, Orlando, for Petitioner.
John P. Collins, Jr., Lakeland, for Respondent.
PER CURIAM.
Allstate Insurance Company seeks certiorari review of a circuit court order affirming, *625 on petition for writ of certiorari, a county court order entered in favor of the respondent, Joyce Baughman. The county court's order denied Allstate's motion to dismiss without prejudice or, alternatively, to abate count III of Baughman's complaint, which asserted a statutory bad faith failure to settle claim against Allstate. We must determine whether the circuit court applied the correct law. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).[1]
This petition is unique because the law it addresses has been clarified since the circuit court rendered its order. Although we cannot unequivocally say that the circuit court failed to apply the correct law in resolving the matter as it existed at the time, see Rubio v. State Farm Fire & Casualty Co., 662 So.2d 956 (Fla. 3d DCA 1995), the circuit court's order is erroneous under current law. See Doan v. John Hancock Mut. Life Ins. Co., 727 So.2d 400 (Fla. 3d DCA 1999) (receding from Rubio). Under current law, Baughman's statutory bad faith failure to settle claim should have been dismissed without prejudice or, alternatively, abated. See id.
If we allow the circuit court's order to stand, Baughman will be able to obtain certain discovery from Allstate that she would not be entitled to if her bad faith failure to settle claim had been dismissed without prejudice or, alternatively, abated. See Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368, 1370 (Fla. 2d DCA 1991); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518, 519 (Fla. 5th DCA 1996); State Farm Fire & Cas. Co. v. Valido, 662 So.2d 1012, 1013 (Fla. 3d DCA 1995). We find that this results in irreparable harm that cannot be adequately addressed on a plenary appeal. Cf. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (noting that discovery of "cat out of the bag" material involving confidential information may cause irreparable harm if disclosed). We accordingly grant relief under the narrow circumstances presented by this case.
Baughman was involved in an automobile accident which she alleges damaged her vehicle in the amount of $11,613.34. She alleges that her insurance carrier, Allstate, paid only $7,716.92 for repairs. Baughman accordingly filed a three-count complaint against Allstate. Count I alleges breach of contract for failure to pay collision benefits; count II seeks declaratory relief regarding Baughman's right to receive further payment of repair bills; count III seeks damages for Allstate's alleged bad faith in failing to pay the entire claim.
Allstate argues that count III should have been dismissed without prejudice or abated, pursuant to Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991), because the bad faith claim has not yet accrued. In Blanchard, the supreme court answered, in the negative, the following certified question from the United States Court of Appeals for the Eleventh Circuit:

DOES AN INSURED'S CLAIM AGAINST AN UNINSURED MOTORIST CARRIER UNDER SECTION 624.155(1)(B)(1), FLORIDA STATUTES, FOR ALLEGEDLY FAILING TO SETTLE THE UNINSURED MOTORIST CLAIM IN GOOD FAITH ACCRUE BEFORE THE CONCLUSION OF THE UNDERLYING LITIGATION FOR THE CONTRACTUAL UNINSURED MOTORIST BENEFITS?
Id. at 1290. The Blanchard court held that:
[i]f an uninsured motorist is not liable to the insured for damages arising from an accident, then the insurer has not acted in bad faith in refusing to settle the claim. Thus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be *626 resolved before the cause of action for bad faith in settlement negotiations can accrue.
Id. at 1291.
Citing to Rubio v. State Farm Fire & Casualty Co., Baughman argues that Blanchard was limited to uninsured/underinsured motorist cases. Rubio rejected the argument that a first-party bad faith action had to be dismissed or stayed until the underlying breach of contract action was decided. See 662 So.2d at 959. Baughman contends that, because she brought a first-party action for insurance benefits, her bad faith claim can be brought simultaneously with her breach of contract claim because no determination has to be made regarding the liability of a third-party tortfeasor.
The county court relied on Rubio to deny Allstate's motion to dismiss or abate the bad faith claim. The circuit court, after examining both Blanchard and Rubio, upheld the denial, concluding that the county court's order did not depart from the essential requirements of law. We disagree.
In fairness, the circuit court did not have the benefit of Doan v. John Hancock Mutual Life Insurance Co., at the time of its decision, in which the Third District receded from Rubio. The Doan court concluded, as do we, that "[t]he suggestion that the Supreme Court's decision in Blanchard is limited to uninsured motorist claims is not supported by a close reading of that opinion." 727 So.2d at 402.
We reach this result based on the language in Blanchard, which is not limited to uninsured/underinsured motorist cases, that "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved before the cause of action for bad faith in settlement negotiations can accrue." 575 So.2d at 1291. We further base our conclusion on the express finding in Blanchard that the Third District's decision in Schimmel v. Aetna Casualty & Surety Co., 506 So.2d 1162 (Fla. 3d DCA 1987), was erroneously decided. See 575 So.2d at 1291.
In Schimmel, the Third District held that a bad faith action could not be brought separately from the breach of contract action. See 506 So.2d at 1165. An examination of Schimmel reveals that it involved a first-party household goods insurance claim and not an uninsured/underinsured motorist claim. See id. at 1163. The Blanchard court's express rejection of Schimmel convinces us, as it did the Third District in Doan, that Blanchard's holding is not limited to uninsured/underinsured motorist cases.
Significantly, Doan is not the only Third District decision to apply Blanchard beyond the context of an uninsured motorist case. The Third District did so before Rubio in Sivilla v. State Farm Mutual Automobile Insurance Co., 614 So.2d 553 (Fla. 3d DCA 1993). In Sivilla, the Third District held that, as required by Blanchard, the trial court properly bifurcated the insured's claim against his own insurer for breach of contract, based on the insurer's refusal to pay the insured's collision claim, from the insured's claim for bad faith. See id. at 554.
Based on our determination that Blanchard is not limited to uninsured/underinsured motorist cases, we grant Allstate's petition for writ of certiorari and quash the circuit court's order. We direct the circuit court to remand this case to the county court for entry of an order dismissing without prejudice or, alternatively, abating the bad faith count of Baughman's complaint until such time as the breach of contract claim is resolved.
Petition granted; decision quashed.
FULMER, A.C.J., and GREEN and STRINGER, JJ., Concur.
NOTES
[1] The parties do not contend that they were not afforded procedural due process by the circuit court. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).