**Robert Ryan GIBBS, et al., Plaintiffs,**

v.

**METROPOLITAN LIFE INS. CO., Defendant.**

**Civil Action No. 03–F–630–S.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 8, 2003.

J. Michael Conaway, Dothan, AL, Mark Vaughan, Cannon & Vaughan, Elba, AL, for plaintiffs.

J. Fairley McDonald, III, Edward A. Hosp, Maynard, Cooper & Gale, P.C., Montgomery, AL, Lee E. Bains, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

FULLER, District Judge.

This cause is now before the court on the plaintiffs' motion to remand (Doc. # 5). After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that subject matter jurisdiction is not absent in this case. Accordingly, the court concludes that Plaintiffs' motion to remand is due to be DENIED.

## I. FACTUAL BACKGROUND

On May 29, 2003, this action was commenced by the plaintiffs, Robert Ryan Gibbs, a minor, and his mother and next friend, Shannon P. Gibbs (hereinafter "Plaintiffs"), against the defendant Metropolitan Life Insurance Company (hereinafter "Defendant") in the Circuit Court of Coffee County, Alabama. In their complaint, Plaintiffs allege the following facts.

In March of 1990, Plaintiff Shannon Gibbs was appointed by the Coffee County Probate Court as Guardian and Conservator over the person and estate of her son, Robert Ryan Gibbs. A month later, in April of 1990, Plaintiff Shannon Gibbs, as Guardian and Conservator, deposited with Defendant the sum of $300,000.00 of her son's estate funds for the purchase of Annuity Contract No. M9006466. In June of 1991, Plaintiff Shannon Gibbs also purchased from Defendant a life insurance

policy insuring her son's life for $500,000.00.

In July of 1996, the Coffee County Probate Court ordered that no funds be withdrawn from the annuity without court authorization. A copy of the order was transmitted to Defendant. Notwithstanding, Defendant subsequently allowed the annuity to be "liquidated and transferred to a brokerage company, Manulife North America" (Compl., ¶ 8). According to Plaintiffs, Defendant's actions have resulted in diminishing the value of the estate at issue to $300,000.00.

In their Complaint, Plaintiffs assert claims for breach of contract, breach of fiduciary duty, conversion, malfeasance by fiduciary and unauthorized liquidation of annuity. Plaintiffs seek compensatory and punitive damages (Doc. # 1, Compl.). On June 13, 2003, Defendant removed this action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction)[1] (Doc. # 1). Almost a month later, on July 3, 2003, Plaintiffs filed a motion to remand asserting that this court lacks subject matter jurisdiction because diversity of citizenship does not exist. (Doc. # 5). Shortly thereafter, on August 8, 2003, the defendant filed a response in opposition to the motion (Doc. # 9).

## II. STANDARD OF REVIEW

The general removal statute, 28 U.S.C. § 1441(a) & (b), permits removal of any case over which the district court has original jurisdiction. Federal courts however are courts with limited original jurisdiction. Specifically, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As such, a lawsuit filed in state court may be removed to federal court based on either diversity[2] or federal question[3] jurisdiction. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

■ The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). However, because removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand.[4] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). As a result, the party who removes a case must support that action with sufficient jurisdictional allegations.

■ While the court must take care not to deprive a defendant of his right to a federal forum, if that right exists, the court must also be mindful of *four* other critical

---

1. It is undisputed that Plaintiffs are residents of Alabama and Defendant is a corporation organized and existing under the laws of New York with its principal place of business in New York.

2. Diversity jurisdiction exists in civil actions "between citizens of different states," in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

3. Federal question jurisdiction exists if the plaintiff's suit arises under "the Constitution,

laws or treaties of the United States." 28 U.S.C. § 1331.

4. Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns*, 31 F.3d at 1095. A defendant may submit affidavits, depositions, or other evidence to support removal. *See Lott v. Metropolitan Life Ins. Co.*, 849 F.Supp. 1451, 1452 (M.D.Ala.1993).

concerns. First, federal courts are tribunals of limited jurisdiction. *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d 1257, 1264 (M.D.Ala.2001) ("We have the power to decide only certain types of cases, and the parties cannot consent to jurisdiction when it has not been authorized by Congress or the Constitution."). Second, the diversity jurisdiction statute, 28 U.S.C. § 1332, is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. *Id.* Third, a plaintiff is the master of his complaint. *Id.* Fourth, the court must be mindful of 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded."

## III. DISCUSSION

As aforementioned, district courts have original jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Thus, a defendant seeking to remove a case on diversity grounds, must show: (1) complete diversity of citizenship between each plaintiff and every defendant, and (2) that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). In this case, both parties agree that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Still in controversy, however, is whether complete diversity of citizenship exists.

According to Plaintiffs, this suit was not removable because it falls under the direct action provision of 28 U.S.C. § 1332(c):

> [I]n any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c). Plaintiffs argue that this court lacks jurisdiction because, under the direct action provision, their domicile must be imputed to Defendant, thus destroying diversity.

At first glance, the literal language of the provision appears to support Plaintiffs' contention. This suit is "against the insurer of a policy" and Plaintiffs, the insured, are "not joined as ... party defendant[s]." However, at a closer glance, it is clear that the provision is not applicable to this action for two reasons.

First, this action is not an "action against the insurer of a policy or contract of liability insurance" within the meaning of 28 U.S.C. § 1332(c). The statute explicitly states that it applies to "action[s] against the insurer of a policy or contract of *liability insurance.*" *See* 28 U.S.C. § 1332(c) (emphasis added). In this case, Plaintiffs clearly allege that this action is based upon a contract of annuity and a contract of *life* insurance[5] (Compl.). Plaintiffs do not allege, in any way, that this action is premised upon a contract of *liability* insurance. In fact, Plaintiffs do not even allege that they had a liability insurance contract with Defendant. Ac-

---

5. The court notes that all claims asserted in the Complaint arise from Defendant's alleged unauthorized liquidation of the annuity contract. However, for the purposes of this motion and at this early stage in the case, this court will assume that the life insurance policy is somehow germane to Plaintiffs' claims and consider it for the discussion of jurisdiction.

cordingly, the status of the Plaintiffs as insureds under a contract of life insurance or contract of annuity with Defendant is irrelevant and does not trigger application of 28 U.S.C. § 1332(c).[6]

Second, this action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c). The general rule has always been that the direct action provision does not affect suits brought by an insured against his own insurer. *Bowers v. Continental Ins. Co.*, 753 F.2d 1574 (11th Cir. 1985). As the Eleventh Circuit has noted, "[t]hat section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." *Fortson v. St. Paul Fire and Mar. Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985). The Eleventh Circuit thus held that "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* Applying the *Fortson* analysis to the instant case, it is patently obvious that Plaintiffs could not have brought suit against themselves for the actions alleged in the Complaint. Accordingly, the court finds that this action is not a direct action, and recognizes that this finding serves as an additional and separate ground for denial of Plaintiffs' motion to remand.

Simply put, the direct action provision of 28 U.S.C. § 1332(c) is inapplicable to this insurance case and thus does not preclude diversity jurisdiction. *See John Cooper Produce Inc., v. Paxton Nat'l Ins. Co.*, 774

F.2d 433, 435 (11th Cir.1985) ("[T]his statutory provision does not act to destroy all diversity jurisdiction in claims arising against insurance companies."). Consequently, the court finds no merit in Plaintiffs' challenge to the jurisdiction of this court to hear this case.

## IV. CONCLUSION

For the reasons discussed above, it is the ORDER, JUDGMENT, and DECREE of this court that Plaintiffs' Motion to Remand is DENIED.

---

6. The court also notes that the entire direct action provision is inapplicable to a contract of life insurance. *Metropolitan Life Ins. Co.,*

*v. Estate of Cammon,* 929 F.2d 1220, 1223 (7th Cir.1991) ("entire proviso is inapplicable to life insurance").