[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

No. 11-13091
_____

D. C. Docket No. 2:11-cv-00500-RDP

CITY OF VESTAVIA HILLS,
a municipal corporation,

Plaintiff-Counter
Defendant-Appellant,

versus

GENERAL FIDELITY INSURANCE COMPANY,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 13, 2012)

Before BARKETT and HULL, Circuit Judges, and HUNT,[*] District Judge.

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

HUNT, District Judge:

Plaintiff/Appellant, the City of Vestavia Hills, Alabama ("Vestavia Hills")

appeals the district court's denial of its motion to remand the matter back to state

court. We have jurisdiction under 28 U.S.C. § 1292(b), and, having concluded

that the district court properly denied Vestavia Hills's motion to remand, we

affirm.

## I. BACKGROUND AND VESTAVIA HILLS'S ARGUMENTS

Vestavia Hills won a judgment in state court against Cameron Development

Corporation ("Cameron"). Based on that judgment, Vestavia Hills is now entitled

to collect $442,263 from Cameron. Cameron submitted a claim for coverage on

the judgment to its insurer, Defendant/Appellee General Fidelity Insurance

Company ("General Fidelity"). General Fidelity denied Cameron's claim

whereupon Vestavia Hills filed a one-count complaint in state court, suing

Cameron and General Fidelity pursuant to Alabama Code § 27-23-2. That code

section states, in relevant part:

> Upon the recovery of a final judgment against any person . . . if the
> defendant in such action was insured against the loss or damage . . . the
> judgment creditor shall be entitled to have the insurance money
> provided . . . and if the judgment is not satisfied . . . the judgment
> creditor may proceed against the defendant and the insurer to reach and
> apply the insurance money to the satisfaction of the judgment.

2

In other words, in Alabama, if a party wins a judgment, and the defendant's insurer refuses to pay the judgment, the judgment creditor can sue the insurer along with the defendant from the earlier suit to reach the insurance proceeds.

Vestavia Hills filed this action in state court, and General Fidelity removed it to the Northern District of Alabama. As Vestavia Hills and Cameron are both Alabama citizens, diversity jurisdiction was questionable. In denying Vestavia Hills's motion to remand, however, the district court realigned Cameron as a plaintiff because Vestavia Hills's and Cameron's interests converged against General Fidelity in that both Vestavia Hills and Cameron want to force General Fidelity to provide coverage.

Vestavia Hills sought an interlocutory appeal, and the district court certified the question to this Court of "whether a district court may, in a case brought under Alabama Code § 27-23-2, which requires a plaintiff to initiate the action against both the insured and the insurer, exercise its discretion to realign the parties based upon their actual interests."

Vestavia Hills concedes that the purpose of this action is solely to establish whether General Fidelity must provide insurance coverage and that no claim is raised against Cameron, but the city nonetheless argues that the district court erred in realigning the parties because Alabama Code § 27-23-2 expressly states that

both the insured and the insurer are to be named as defendants, and points out that the Alabama Supreme Court has held that both parties must be named as defendants. Vestavia Hills further argues that, even if the parties are realigned, this matter must be remanded to state court because realignment would have the effect of turning the case into a direct action under 28 U.S.C. § 1332(c), which provides that, for purposes of diversity jurisdiction, an insurer is deemed a citizen of the insured's State of residence when the insurer is sued in an action to determine the insured's liability and the insured is not named in that suit.

## II. DISCUSSION

### 1. Standard of Review

We review a district court's denial of a motion to remand de novo. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). This Court reviews findings of jurisdictional facts for clear error. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999).

### 2. Analysis

Weighing the propriety of the district court's decision to realign the parties and deny Vestavia Hills's motion to remand requires us to consider two different interests. On the one hand, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes

4

strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).[1] On the other hand, there exists also a strong federal preference to align the parties in line with their interests in the litigation. We begin with the proposition, voiced by the Supreme Court that, "[f]or the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." <u>Chicago, R.I. & P.R. Co. v. Stude</u>, 346 U.S. 574, 580, 74 S. Ct. 290, 294, 98 L. Ed. 317 (1954). Accordingly, what Alabama Code § 27-23-2 or the Alabama Supreme Court have to say about whether Cameron is a defendant or a plaintiff is immaterial, and, further, state legislatures apparently cannot craft a statute in this manner to render certain causes of action "unremovable."

---

[1] The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction. <u>Conn. State Dental Ass'n</u>, 591 F.3d at 1343. A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Further, the removal statute forbids removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

5

We next note that federal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69, 62 S. Ct. 15, 17, 86 L. Ed. 47 (1941). This Court concludes that the converse of this principle – that parties cannot *avoid* diversity by their designation of the parties – is also true. Rather it is the "duty . . . of the lower federal courts[] to look beyond the pleadings and arrange the parties according to their sides in the dispute," Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 16 n.5, 110 S. Ct. 297, 302 n.5, 107 L. Ed. 2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," City of Indianapolis, 314 U.S. at 69. Where the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action. Weller v. Navigator Marine, Inc., 737 F.2d 1547, 1548 (11th Cir. 1984); see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156 (3d Cir. 1995) ("'[W]here party designations have jurisdictional consequences,' [the court] must align the parties before determining jurisdiction.")

6

Having reviewed the single-count complaint, it is clear that Vestavia Hills did not seek any relief from Cameron.  C.f. Duffey v. Wheeler, 820 F.2d 1161 (11th Cir. 1987).[2]  There no longer is any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win.  Obviously, the two parties' interests are identical or at least materially so.  As was noted by the Seventh Circuit in Home Insurance Co. of Illinois v. Adco Oil Co., 154 F.3d 739, 741 (7th Cir. 1998), in determining subject matter jurisdiction on the basis of diversity, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party."

Under Weller, Northbrook National Insurance Co., and City of Indianapolis, cited above, it is equally clear that realignment would have been available to

---

[2] Duffey was a shareholder derivative suit, and realignment in such cases differs from realignment in the context of this case.  As we discussed in Duffey,  820 F.2d at 1163, in a derivative suit, the action "is not [the shareholder's] own but the corporation's. [The corporation] is the real party in interest and [the shareholder] is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because [the corporation] is disabled from protecting itself."  Koster v. Lumbermans Mut. Cas. Co., 330 U.S. 518, 522-23, 67 S. Ct. 828, 831, 91 L. Ed. 1067 (1947).  As such, the rule is that corporations are always realigned as the plaintiff in shareholder derivative suits unless "it is plain that the stockholder and those who manage the corporation are completely and irrevocably opposed."  Smith v. Sperling, 354 U.S. 91, 97, 77 S. Ct. 1112, 1116,  1 L. Ed. 2d 1205 (1957).  While realignment in this case is certainly analogous, we do not imply that precedent from a shareholder derivative suit should necessarily apply in other contexts but cite to Duffey for the proposition that realignment is proper where no claim is made against a nominal Defendant.  For a case involving facts materially similar to this action, see Liebau v. Columbia Cas. Co., 176 F. Supp. 2d 1236 (D. Kan. 2001).

Vestavia Hills if it had sought to bring the action in federal court in the first instance. Those cases require the district courts to determine the principle purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly regardless of the fact that the Alabama Code required Vestavia Hills to name Cameron as a defendant. As such, we conclude that the district court did not err in realigning Cameron as a plaintiff and in refusing to remand this matter to state court. Accord Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 568 (6th Cir. 2010) ("For the foregoing reasons, we uphold the district court's realignment of the parties to establish complete diversity.").

Turning to Vestavia Hills's other contention that realignment would result in the action being "converted" into a direct action within the meaning of 28 U.S.C. § 1332(c), the argument is unavailing as we are bound by the holding in Fortson v. St. Paul Fire & Marine Insurance Co., 751 F.2d 1157, 1159 (11th Cir. 1985). In Fortson, the plaintiff had a potential medical malpractice claim against a doctor, who carried malpractice insurance with the defendant insurer. Id. Both the plaintiff and the doctor were Florida citizens, but the insurer was a non-Florida citizen. Id. Before suing the doctor, the plaintiff notified the defendant insurer about the plaintiff's potential claim, but the defendant "den[ied] liability on behalf of its insured." Id. The plaintiff then filed suit in federal court against the

8

insurance company for failure to settle the claim against the insured in good faith. Id. The district court dismissed the suit for lack of subject matter jurisdiction, determining that under § 1332(c), the plaintiff's claim was a "direct action" and thus no diversity between the parties existed. Id. at 1158.

This Court reversed, holding "that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Id. at 1159. This Court explained further that "courts have uniformly defined the term 'direct action' as used in [§ 1332(c)(1)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Id. (quotations omitted.) Because the plaintiff's claim was based on the insurance company's statutory duty to settle claims in good faith, and not the doctor's liability for malpractice, this Court determined the § 1332(c)(1) proviso was not applicable. Id.

Similar to the plaintiff in Fortson, Vestavia Hills could not have brought this action against Cameron, as the single count relates to insurance and Vestavia Hills has already obtained judgment against Cameron. An action brought under Alabama Code § 27-23-2, where the injured party has already obtained a judgment

9

against the insured, is not a direct action as contemplated by § 1332(c)(1) under Fortson.

In Andalusia Enterprises, Inc. v. Evanston Insurance Co., 487 F. Supp. 2d 1290, 1298 (N.D. Ala. 2007), the court expressed the view that the result in Fortson was contrary to the old Fifth Circuit's opinion in O.M. Greene Livestock Co. v. Azalea Meats, Inc., 516 F.2d 509 (5th Cir. 1975).[3] Azalea Meats and Fortson are, however, distinguishable. In Azalea Meats, the plaintiff had a claim against the insured and the insurer for a failure to pay for delivered goods, and the plaintiff attempted to dismiss its claims against the insured in an attempt to salvage diversity jurisdiction. Id. at 510. The old Fifth Circuit concluded that when the plaintiff dismissed the insured, it converted the action into a direct action. Id. In Fortson (and here) the claim raised against the insurer could not have been raised against the insured.

We thus conclude that realignment of the parties does not result in converting this case into a direct action under 28 U.S.C. § 1332(c).

For the above stated reasons, we affirm.

**AFFIRMED**.

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.