David Allan SINCLAIR, et al., Plaintiffs,

v.

AUTO–OWNERS INSURANCE COMPANY, et al., Defendants.

Civil Action No. 4:14–CV–0009–HLM.

United States District Court, N.D. Georgia.

Signed Feb. 14, 2014.

Stuart Lee Sims, Gregory, Doyle, Calhoun & Rogers, LLC, Marietta, GA, for Plaintiffs.

Hayden R. Pace, Pace Law, P.C., Atlanta, GA, for Defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on the Motion for Order Realigning Parties ("Motion to Realign") filed by Defendant Auto–Owners Insurance Company ("Defendant Auto–Owners") [5] and on the Motion to Remand to State Court ("Motion to Remand") filed by Defendants Douglas R. Balyeat ("Defendant Balyeat") and Edwin R. Shanley, III ("Defendant Shanley") [9].

## I. Background

Plaintiffs originally filed the instant action in the Superior Court of Bartow County, Georgia. (Compl. (Docket Entry No. 1-4) at 3.) The instant action is a Complaint for Declaratory Relief. (See generally id.) The Complaint alleged that Defendants Balyeat and Shanley were plaintiffs in another lawsuit against Plaintiffs pending in the Bartow County Superior Court (the "Underlying Lawsuit"), and that Defendant Auto–Owners provided Plaintiffs with a defense in the Underlying Lawsuit under a reservation of rights, pursuant to a Commercial General Liability insurance policy (the "Policy") issued to Plaintiffs. (Compl. ¶¶ 7–8.) Plaintiffs filed their Complaint "to resolve questions of coverage under the [Policy]," including whether Defendant Auto–Owners had to provide Plaintiffs with a defense and coverage in the Underlying Lawsuit. (Id. ¶ 9.) Plaintiffs further alleged that the Policy provided coverage for the incidents that gave rise to the Underlying Lawsuit, and that Defendant Auto–Owners had "a duty to defend or indemnify" Plaintiffs in the Underlying Lawsuit. (Id. ¶ 12.) Plaintiffs sought a declaratory judgment holding that "[Defendant] Auto–Owners has a duty to provide a defense to [Plaintiffs] in the [Underlying Lawsuit], that [Defendant] Auto–Owners has a duty to indemnify [Plaintiffs] from claims asserted in [the Underlying Lawsuit], and that [Defendant] Auto–Owners has a duty to pay any sums [Plaintiffs] may become legally obligated to pay as a result of the claims asserted in the [Underlying Lawsuit]." (Id. ¶ 13.)

While the instant action remained pending in the Bartow County Superior Court, Defendants Balyeat and Shanley filed an Answer and a Cross–Claim against Defendant Auto–Owners. (Answer and Cross–Claim (Docket Entry No. 1-5).) Defendants Balyeat and Shanley alleged that Defendant Auto–Owners had a duty to defend and indemnify Plaintiffs in connection with the Underlying Lawsuit. (Id., Cross–Claim ¶ 9.) Defendants Balyeat and Shanley further alleged that they were "entitled to a declaratory judgment that [Defendant] Auto–Owners has a duty to indemnify any sums [Plaintiffs] may become legal-

ly obligated to pay as a result of the claims asserted in the legal action." (*Id.* ¶ 10.)

Defendant Auto–Owners filed an Answer and Counterclaim/Crossclaim. (Answer and Counterclaim/Crossclaim (Docket Entry No. 3).) In its Counterclaim and Crossclaim, Defendant Auto–Owners contended that the policy did not provide coverage for the events giving rise to the Underlying Lawsuit, and that Defendant Auto–Owners consequently had no duty to defend or indemnify Plaintiffs in that action. (*Id.*, Counterclaim and Crossclaim ¶ 15.) Defendant Auto–Owners sought a declaration that it did not owe Plaintiffs a defense or indemnity for claims asserted in the Underlying Lawsuit. (*Id.* ¶¶ 25, 31, 38, 44.) Alternatively, Defendant Auto–Owners sought a declaration that "even if coverage is otherwise owed (which is denied), [Defendant] Auto–Owners can owe no more than $50,000 for any mold or mildew damages found against any insured as a result of the Underlying Lawsuit." (*Id.* ¶ 51.)

On January 10, 2014, Defendant Auto–Owners removed the case to this Court. (Docket Entry No. 1.) Defendants Balyeat and Shanley did not join in the notice of removal and did not consent to it. (*See generally* Notice of Removal (Docket Entry No. 1).)

On January 10, 2014, Defendant Auto–Owners filed its Motion to Realign. (Docket Entry No. 5.) The briefing process for that Motion is complete, and the Court finds that the Motion is ripe for resolution.

On January 23, 2014, Defendants Balyeat and Shanley filed their Motion to Remand. (Docket Entry No. 9.) Defendant Auto–Owners has filed a response to the Motion to Remand. (Docket Entry No. 14.) The Court concludes that no reply from Defendants Balyeat and Shanley is necessary, and therefore finds that

the Motion to Remand is ripe for resolution.

## II. Motion to Realign

■ Defendant Auto–Owners has moved to realign Defendants Balyeat and Shanley as plaintiffs in this action, arguing that Plaintiffs and Defendants Balyeat and Shanley "all share a common interest adverse to [Defendant] Auto–Owners in attempting to show that coverage under [the policy] exists—which is the *central* issue in this declaratory judgment action." (Mot. Realign (Docket Entry No. 5) ¶ 4 (emphasis in original).) Plaintiffs and Defendants Balyeat and Shanley dispute that argument, contending that they do not share common interests. (*See generally* Defs. Balyeat and Shanley's Resp. Mot. Realign (Docket Entry No. 8); Pls.' Resp. Mot. Realign (Docket Entry No. 11).)

■ "[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir.2012). "The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *Id.* The United States Court of Appeals for the Eleventh Circuit has observed "that the converse of this principle—that parties cannot *avoid* diversity by their designation of the parties—is also true." *Id.* (emphasis in original). Instead, "it is the duty of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principal purpose of the suit and the primary and controlling manner in dispute." *Id.* at 1313–14 (alterations in original) (internal quotation marks and citations omitted). "Where the parties' interests are the same, [the Eleventh Circuit has] held that those parties must be aligned together and [has]

reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action." *Id.* at 1314.

In *City of Vestavia Hills,* the plaintiff, the City of Vestavia Hills (the "City"), won a judgment in state court against Cameron Development Corporation ("Cameron"). 676 F.3d at 1312. Cameron submitted a claim for that judgment to its insurer, and, when the insurer denied that claim, the City filed a complaint in state court against the insurer and Cameron to obtain the insurance money and apply it to the satisfaction of the judgment. *Id.* The insurer removed the action to federal district court, and the district court realigned Cameron as a plaintiff, concluding that the City and Cameron's interests were aligned because both the City and Cameron wanted to force the insurer to provide coverage under the policy. *Id.*

The Eleventh Circuit concluded that the district court properly realigned the parties. *City of Vestavia Hills,* 676 F.3d at 1314. The Eleventh Circuit noted, "it is clear that [the City] did not seek any relief from Cameron," observing that "[t]here no longer is any dispute between [the City] and Cameron, and the only thing that Cameron could want out of this case is for [the City] to win." *Id.* Under those circumstances, the Eleventh Circuit found that "the two parties' interests are identical or at least materially so." *Id.* Consequently, the Eleventh Circuit found that "the district court did not err in realigning Cameron as a plaintiff and in refusing to remand this matter to state court." *Id.*

The United States District Court for the Southern District of Alabama recently distinguished *City of Vestavia Hills. Gulf Hauling & Constr., Inc. v. QBE Ins. Corp.,* No. CA 2:13–00083–C, 2013 WL 2179278, at \*4–6 (S.D.Ala. May 20, 2013). In *Gulf Hauling,* the court observed that

*City of Vestavia Hills* involved a situation in which a state court judgment had already been entered against a plaintiff insured. *Id.* at \*4. The court observed that, in such cases, "it is easy to honor the maxim that, 'in determining subject matter jurisdiction on the basis of diversity, the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.'" *Id.* (quoting *Vestavia Hills,* 676 F.3d at 1314 (internal quotation marks omitted)). The court noted that the case before it presented different circumstances because "no state-court judgment existed," and concluded that realignment was improper. *Id.* at \*5–6.

The *Gulf Hauling* court reasoned that the principal purpose of the declaratory judgment lawsuit before it was a "frontal attack" by the plaintiffs on their insurance company. *Gulf Hauling & Constr., Inc.,* 2013 WL 2179278, at \*5. Asserting a claim for declaratory judgment required the plaintiffs in the declaratory judgment action to name the plaintiffs in the underlying state court action as parties to the declaratory judgment action. *Id.* The plaintiffs in the declaratory judgment action sought a declaratory judgment requiring that the insurer provide coverage for the underlying claims and lawsuits, as well as a declaratory judgment providing that the insurer had a duty to indemnify the plaintiffs for any judgment that might be entered against the plaintiffs in the underlying state court action. *Id.* at \*6. The court reasoned that the plaintiffs' request for an order declaring that the insurer had a continuing duty to defend them in the underlying lawsuits "does not align with the interests of the [non-insurer] defendants." *Id.* Specifically, the court noted;

> [B]ecause no state-court judgment has been entered (or, more properly, had been entered before this case was re-

moved), making any duty to indemnify purely speculative and, accordingly, not ripe for consideration by this Court, the principal insurance coverage issue—if the Court accepts [the insurer's] position that the principal purpose of the [plaintiffs'] lawsuit is solely coverage—is [the insurer's] duty to defend the [plaintiffs] (or some of those parties) in the still active underlying litigation. Therefore, again accepting [the insurer's] view of this lawsuit, the [non-insurer] defendants are adverse to the [plaintiffs] as to the principal purpose of this lawsuit. *Id.* The court consequently denied the motion to realign parties. *Id.* at *8.

The Court finds that this case more closely resembles *Gulf Hauling* than *Vestavia Hills,* As in *Gulf Hauling,* no state court judgment had been entered against Plaintiffs in the Underlying Lawsuit when Defendant Auto–Owners removed the instant action to this Court. Consequently, Plaintiffs' claim for indemnity against Defendant Auto–Owners is premature. *See Auto–Owners Ins. Co. v. Deerlake Homeowners Ass'n,* Civil Action No. 2:11–CV–00215–RWS, 2012 WL 1038748, at *3 (N.D.Ga. Mar. 27, 2012) (observing that "the duty to indemnify is not ripe because the Underlying Suit is pending, and that duty is dependent on the outcome of that case"). To the extent that Plaintiffs seek a declaratory judgment that Defendant Auto–Owners has a duty to defend Plaintiffs in the still-active Underlying Lawsuit, Plaintiffs' interests are not co-extensive with those of Defendants Balyeat and Shanley. *Gulf Hauling & Constr.,* 2013 WL 2179278, at *6. Defendants Balyeat and Shanley have no interest in having Defendant Auto–Owners provide a defense to Plaintiffs in the Underlying Action—indeed, Defendants Balyeat and Shanley have adverse interests to Plaintiffs in that action and would probably prefer that Defendant Auto–Owners not provide Plain-

tiffs with a defense in that case. Under those circumstances, the Court cannot find that the interests of Plaintiffs and Defendants Balyeat and Shanley are materially identical so as to warrant realigning Defendants Balyeat and Shanley as Plaintiffs in the instant action. *See Preferred Chiropractic, LLC v. Hartford Cas. Ins. Co.,* No. 10–cv–972–DRH, 2011 WL 2149091, at *3 (S.D.Ill. May 31, 2011) (concluding that realignment of parties in declaratory judgment action was not proper because plaintiffs and non-insurer defendant had adverse interests in underlying action, and adversity would not end until judgment was reached in underlying action). The Court consequently denies the Motion to Realign.

### III. Motion to Remand

Defendants Balyeat and Shanley filed a Motion to Remand, arguing that complete diversity does not exist in this case and that Defendant Auto–Owner's removal of the case was procedurally improper. The Court first sets forth the general standard governing a motion to remand, and then applies that standard to this case. Finally, the Court addresses Defendants Balyeat and Shanley's request for costs and attorney's fees associated with removal.

### A. Standard Governing a Motion to Remand

■■ A party seeking to remove an action to this Court bears the burden of establishing that federal jurisdiction exists. *Friedman v. N.Y. Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir.2005). The Court must construe removal statutes narrowly, resolving all doubts against permitting removal. *Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir.2003).

■ "If at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court may remand a case *sua sponte* or upon a motion by a party pursuant to § 1447(c) if the district court determines that it lacks subject matter jurisdiction. *Id.; In re The Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 322–24 (11th Cir. 1997).

■ Sound reasons exist to limit the exercise of removal jurisdiction. *Poll v. Deli Mgmt., Inc.*, Civil Action File No. 1:07–CV–0959–RWS, 2007 WL 2460769, at *2 (N.D.Ga. Aug. 24, 2007). First, "the removal of cases to federal courts implicates principles of federalism." *Id.* Second, "resolving any doubt in favor of remand 'prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated.'" *id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). Third, "the limitations on removal jurisdiction also recognize that the plaintiff is the master of his own complaint." *Id.*

### B. Propriety of Removal

■ Defendant Auto–Owners removed the instant action to this Court under 28 U.S.C. § 1441, arguing that diversity of citizenship would exist if the Court realigned Defendants Balyeat and Shanley as plaintiffs. (Notice of Removal ¶¶ 3–6, 8.) Defendants Balyeat and Shanley did not consent to the removal. (*id.* ¶ 8.)

28 U.S.C. § 1441 states, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1446 provides, in relevant part, that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1441(b)(2)(A).

■ "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir.2001). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* at 1049.

The record demonstrates that Defendants Balyeat and Shanley did not consent to removal. Further, as discussed *supra* Part II.B., the Court has declined to realign Defendants Balyeat and Shanley as plaintiffs in this action. Consequently, Defendants Balyeat and Shanley were required to consent to removal, and Defendant Auto–Owners' removal of this action without those Defendants' consent was procedurally improper, warranting a remand to the Bartow County Superior Court. *See Cook v. Bessemer City Bd. of Educ.*, No. 2:12–cv–1063–RDP, 2012 WL 4813831, at *4 (N.D.Ala. Oct. 4, 2012) (observing that removal of case was procedurally defective where one defendant did not join or consent to removal).

■ The Court further observes that diversity jurisdiction does not exist in this case. "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Constr. Servs., LLC*

*v. Well–Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir.2013) (internal quotation marks and citation omitted). Defendant Auto–Owners states in its Notice of Removal that Plaintiffs and Defendants Balyeat and Shanley all are Georgia citizens. (Notice of Removal ¶ 4.) The Court declined to realign Defendants Balyeat and Shanley as plaintiffs in this action, and diversity jurisdiction consequently does not exist in this case. The Court therefore must remand the case to the Bartow County Superior Court.

### C. Costs

■ Defendants Balyeat and Shanley seek their costs and attorney's fees associated with Defendant Auto–Owners' removal of the case to this Court. (Mot. Remand (Docket Entry No. 9) at 8–9.) "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Further, "[t]he mere fact that a case is remanded does not create a presumption in favor of awarding fees." *Henry Cnty. Sch. Dist. v. Action Dev., Inc.,* No. 1:07–CV–1490–WSD, 2007 WL 2683726, at *5 (N.D.Ga. Sept. 6, 2007).

Here, the Court cannot conclude that Defendant Auto–Owners lacked an objectively reasonable basis for removal. Indeed, the question whether realignment was proper was a reasonably close one. Under those circumstances, the Court finds that an award of costs and attorneys'

fees is not warranted, and denies the portion of the Motion to Remand that seeks such an award.

### IV. Conclusion

ACCORDINGLY, the Court **DENIES** the Motion to Realign [5] filed by Defendant Auto–Owners. The Court **GRANTS IN PART AND DENIES IN PART** the Motion to Remand [9] filed by Defendants Balyeat and Shanley. The Court **DENIES** the portion of that Motion that seeks attorney's fees and costs associated with removal. The Court **GRANTS** the portion of the Motion that seeks an Order remanding this case, and **REMANDS** this case to the Superior Court of Bartow County, Georgia.