[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14794

_____

D.C. Docket No. 8:11-cv-02722-SDM-AEP

GARDITH S. LEMY, Individually, and
on behalf of all those similarly situated,
MARILYN HILL, Individually, and
on behalf of all those similarly situated,

Plaintiffs - Appellants,

versus

DIRECT GENERAL FINANCE COMPANY,
DIRECT GENERAL INSURANCE COMPANY,
DIRECT GENERAL INSURANCE AGENCY,
CERTAIN UNDERWRITERS AT LLOYDS, LONDON,
NATIONAL INSURANCE UNDERWRITERS, INC., et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Middle District of Florida

_____

(March 10, 2014)

Before HULL and HILL, Circuit Judges, and PANNELL,* District Judge

PER CURIAM:

Plaintiffs Gardith Lemy and Marilyn Hill brought this class action in state court alleging that a group of defendants acted in concert to sell plaintiffs a worthless insurance product in violation of the Florida Insurance Code. The product is called surplus lines insurance, which covers things such as ambulance services and hospital stay bills. Surplus line insurance is regulated by the Florida insurance code, which provides that it may be sold to supplement general line insurance under certain conditions.

Plaintiffs allege that the auto surplus line insurance product sold by defendants is duplicative of required general line automobile insurance coverage and is, therefore, worthless. They also claim that defendants' insurance product is the result of a scheme to avoid and thereby violate Florida insurance laws and regulations. The complaint alleges both statutory and common law violations.

_____

*Honorable Charles A. Pannell, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

2

Plaintiffs initially sued individually, but later amended to seek redress on behalf of a class consisting of all Florida purchasers of these insurance policies. Defendants included two out-of-state entities who removed the action to the district court under the Class Action Fairness Act (the "CAFA"). Plaintiffs moved to remand the case under CAFA's local controversy exception to federal jurisdiction, which withdraws federal jurisdiction where the class seeks "significant relief" from a local defendant. The district court held that plaintiffs did not establish the applicability of this exception to federal jurisdiction and denied the motion to remand.

On the merits, the district court dismissed plaintiffs' complaint with prejudice, holding that the implicated Florida insurance code sections do not provide for private enforcement, and that, even if they did, the defendants' conduct did not materially violate those sections.

We review the district court's order denying remand *de novo*. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). We also review its dismissal of plaintiffs' claims on the merits *de novo*. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). We accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Id*.

3

1.    The Denial of Remand

CAFA greatly expands federal jurisdiction over certain class actions, but provides that district courts should decline to exercise jurisdiction over significantly "local" controversies.  Under CAFA, a local controversy is one in which at least one local defendant is "significant."  A local defendant is significant when, *inter alia*, the plaintiffs are seeking significant relief from him.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa).  It is the plaintiffs' burden to show that the local controversy exception applies.  The district court held that plaintiffs in this case did not meet this burden and denied the motion to remand this action to state court. We agree.

First, inasmuch as the relief plaintiffs seek is the restitution of the insurance premiums paid by the Florida class, the district court compared the shares of premiums retained by a local defendant to those retained by the foreign defendant. The district court determined as a matter of fact that the local defendant retained only 4.5 percent of the total premiums paid by the class, while the foreign defendant retained 80 percent. [1]  In finding this fact, the district court interpreted the evidence, credited certain testimony, and drew reasonable inferences, as it was

_____

[1] The district court concluded that plaintiffs presented no evidence concerning the other local defendant's potential liability and we find no error in this holding.  There is nothing in the complaint regarding premium sharing and plaintiffs cite to no record evidence regarding the other local defendant's share.  Furthermore, even using plaintiffs' suggestion of fourteen percent does not alter the comparative result.

4

entitled to do.  This finding of fact is not clearly erroneous.  *See City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

In *Evans v. Walter Industries, Inc*., 449 F.3d 1159, 1164 (11th Cir. 2006), we explained that plaintiffs must show that the relief they seek from a local defendant is "a significant portion of the entire relief sought by the class."  We said that this conclusion may be reached by comparing the relief sought from the local defendant to that sought from the foreign defendants. *Id*. at 1167.  In this case, the district court concluded that 4.5 percent of the total relief sought against one of the local defendants was not significant as compared to the 80 percent sought against one of the foreign defendants.[2]  This conclusion is not error.

That plaintiffs seek declaratory relief from the local defendants does not change this result.  Plaintiffs' complaint does not distinguish between the declaratory relief sought against the local as opposed to the foreign defendants, and, therefore, this claim does not militate against the conclusion that the leonine share of the relief sought is that from the foreign defendants.

2.    Dismissal on the Merits

---

[2] This comparison does not even factor in the relief sought against some of the other foreign defendants.  Nor does it include the portion of the class that seeks double damages against *only* the foreign defendants.

5

The district court held that plaintiffs' claims rest on allegations of Florida insurance code violations, but that only one of the cited code sections permits a private right of action and that the remaining alleged violation fails on the merits. We agree.

With the exception of § 627.8405, none of the insurance code sections claimed to have been violated allows for a private remedy. In *QBE Ins. Corp. v. Chalifonte Condo. Apt. Assoc., Inc.*, 94 So.3d 541, 552 (Fla. 2012), the Florida Supreme Court explicitly held that "[w]hen a statute merely makes provision to secure the safety or welfare of the public, it will not be construed as establishing civil liability." In rejecting the argument that a private cause of action should be inferred from violations of the Florida Insurance Code's language and type-size requirements, the Court held that "the courts cannot provide a remedy when the Legislature has failed to do so." *Id*. at 553. The Court concluded that both the text and the structure of the Florida Insurance Code sections at issue there displayed a clear legislative intent to deny a private cause of action. *Id*.

Furthermore, the Florida Supreme Court held that "an insurer's failure to comply with [the statute] does not render a noncompliant . . . provision in an insurance policy void and unenforceable, because the Legislature has not provided for this penalty." *Id*. at 554. The Court said that the legislature intended that "in

6

the absence of an express penalty, courts should assume that a policy provision is valid despite noncompliance with the Insurance Code." *Id*. at 553.

Following *Chalifonte's* instruction, the district court in this case held that the text and structure of the code sections relied upon by plaintiffs signal a deliberate intention not to create a private cause of action. Unlike other sections of the code, the sections said to have been violated here provide for no private enforcement. Therefore, the district court concluded, no private right of action exists for any of the insurance code sections at issue here (except § 627.8405).

Furthermore, the alleged violations of the insurance code sections at issue in this case do not render the policies void. The district court reasoned that since the Florida legislature had created a private right of action for some insurance code violations, but not for others, plaintiffs could not circumvent this legislative decision by asserting common law claims premised on violations of code sections.

Finally, the district court considered on the merits plaintiffs' claim under § 627.8405, Fla. Stat., which does provide a private cause of action for selling an unregulated insurance product. The court held that the surplus line law of the Florida Insurance Code does regulate defendants' auto insurance product, thus negating plaintiffs' claim that defendants unlawfully sold an unregulated product. Furthermore, the district court found no merit in the plaintiffs' claim that

7

defendants' product constituted membership in an automobile club rather than insurance because the product provided indemnity as opposed to a service. We find no error in these conclusions.

The district court correctly held that plaintiffs cannot assert the claims they have advanced in their complaint. Their claims rely on code sections that do not provide for a private right of enforcement. Furthermore, violations of these code sections do not render the sections void, thus permitting the resurrection of common law claims.[3] As to plaintiffs' claim under § 627.8405, the district court correctly found no merit.

Accordingly, the judgment of the district court is due to be

AFFIRMED.

---

[3] The district court held that even if plaintiffs were entitled to assert these claims, that, on the merits, the violations were *de minimis*. We find no fault with this conclusion.