Timothy Travis MURPHY, et al., Plaintiffs,

v.

The CHARTER OAK FIRE INSURANCE COMPANY et al., Defendants.

CASE NO. 15–14258–CIV–MARRA

United States District Court, S.D. Florida.

Signed September 4, 2015

Filed September 08, 2015

---

John Phillip Wiederhold, Brett M. Waronicki, Wiederhold, Moses, Kummerlen & Waronicki, P.A., West Palm Beach, FL, for Plaintiffs.

Daniel Albert Krawiec, II, One East Broward Blvd., Mary Beth Ricke, Buchanan Ingersoll & Rooney PC, Cheryl Lorraine Wilke, Hinshaw & Culbertson LLP, Fort Lauderdale, FL, for Defendants.

### ORDER DENYING MOTION TO REMAND

KENNETH A. MARRA, United States District Judge

This cause is before the Court upon Plaintiffs Timothy Travis Murphy, River Country Land & Cattle, LLC, and Judith Diane Murphy's Motion for Remand and Request for Attorney's Fees and Costs (DE 4). Defendant The Charter Oak Fire Insurance Company has filed a Response (DE 6). No reply memorandum has been filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

## I. Background

This case has its genesis in a tort claim brought by Defendant John T. Ritten ("Ritten"), on behalf of his minor child, "J.R.", against Plaintiffs Timothy Travis Murphy ("T. Murphy"), River Country Land & Cattle, LLC ("River Country"), and Judith Diane Murphy ("J. Murphy") (collectively, "Plaintiffs") in the state courts of Florida. In that proceeding, Ritten alleges that T. Murphy, a lessor in the residence where he and J.R. resided, entered J.R.'s bedroom and invaded her right to privacy. (Am.Compl. ¶ 8.) It is further alleged that J. Murphy knew or should have known of the tendency of T. Murphy to wrongfully enter J.R.'s bedroom and invade her right to the private occupancy of her bedroom. (Am.Compl. ¶ 9.) River Country was the owner of the property where T. and J. Murphy resided with J.R. and allegedly failed to ensure J.R.'s right to privacy of her bedroom. (Am.Compl. ¶¶ 10–11.) At the time relevant to the underlying suit, Plaintiffs were insured under a policy of insurance issued by Charter Oak to River Country. Charter Oak notified its insureds that it would not defend any and all of its insureds and there is no coverage for the allegations in the underlying complaint. (Am.Compl.13–15.)

Plaintiffs, the defendants in the underlying tort proceeding, initiated the present action against Defendant The Charter Oak Fire Insurance Company ("Charter Oak") and Ritten individually and as the natural parent and legal guardian of J.R. In the Amended Complaint filed in this case (DE 1–2), Plaintiffs seek a declaratory judgment pursuant to Chapter 86, Florida Statutes to determine whether the Charter Oak policy provides coverage, in whole or in part, and a duty to defend Plaintiffs in the underlying tort proceeding brought by Ritten. The Amended Complaint states that Defendant Ritten is named in the suit as an interested party pursuant to Florida Statute § 86.091. According to the Amended Complaint, the Murphys and Ritten are Florida residents, River Country is a Florida limited liability company and Charter Oak is a foreign corporation. (Am.Compl. ¶¶ 3–7.)

In its Notice of Removal, Charter Oak stated that there is diversity of citizenship between the parties and that Ritten was fraudulently joined to defeat diversity jurisdiction. Plaintiffs' motion for remand contends there is no diversity of citizenship between the parties because Ritten is an interested party and Florida Statute § 86.091[1] requires that he is joined as a party to the lawsuit. Charter Oak responds that Ritten should either be dismissed as fraudulently joined or realigned as a plaintiff in this action.

## II. Discussion

Federal courts have jurisdiction over controversies between citizens of different states.[2] *See Navarro Savings Assoc. v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). The citizens that are considered in determining if a court has diversity jurisdiction are only those who are "real and substantial parties to the controversy." *Id.* at 460, 100 S.Ct. 1779 (citations omitted). As such, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon

---

1. Florida Statute § 86.091 provides in pertinent part:

    When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings.
    Florida Statute § 86.091

2. The parties do not dispute that the jurisdictional minimum of $75.000.00, exclusive of interest and costs, is met.

the citizenship of real parties to the controversy." *Id.* at 461, 100 S.Ct. 1779 (citations omitted).

■ "For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954). "Federal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. General Fidelity Ins. Co.,* 676 F.3d 1310, 1313 (11th Cir.2012). "[I]t is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* at (internal citations and quotation marks omitted).

Plaintiff contends that Florida law requires Ritten in this action and the only effective way to join Ritten was to name him as a defendant. However, Florida Statute § 86.091 does not require that Ritten be named as a defendant, it simply requires that Ritten be included as an interested party. Ritten is not antagonistic to the law suit; indeed, he will benefit from a determination that insurance coverage exists for the tortious conduct alleged in the underlying suit.

■ Here, Charter Oak has denied coverage under an insurance policy to defend and indemnify an underlying tort action brought by Ritten against the Murphys and River Country. It is in both Ritten, the Murphys and River Country's interest for Charter Oak to provide coverage even though their "interests [are] in opposition outside of the issues raised in the subject action." *Vestavia Hills,* 676 F.3d at 1314.

If Plaintiffs in this action are successful in the declaratory relief action, those insurance funds can be obtained by Ritten for payment of any judgment against the Murphys and River Country. Therefore, Ritten is more appropriately realigned as a plaintiff. *See Wheeler's Moving & Storage, Inc. v. Market Ins. Co.,* No. 11–80272–CIV, 2011 WL 3419633, at *2 (S.D.Fla. Aug. 4, 2011) (denying motion to remand when the judgment debtor to the underlying tort action sued its insurers and the judgment creditor to the underlying tort action to seek a determination of the insurer's duty to defend and duty to indemnify in the underlying tort action); *see also Robinson v. Hudson Specialty Ins. Group,* No. 13–114–KD–M, 2013 WL 2452701, at *5 (S.D.Ala. June 5, 2013) (denying motion to remand when the plaintiff's complaint indicates that the primary thrust of the present litigation is to determine the amount and the existence of coverage); *La Shangrila, Inc. v. Hermitage Ins. Co.,* No. 8:07–cv–1133–T–24 EAJ, 2007 WL 2330912, at *2 (M.D.Fla. Aug. 13, 2007) (denying motion to remand by plaintiff-insured when the "the principal purpose of the case is to determine" whether the claims are covered by the insurance policy).

The Court finds Plaintiff's reliance on *Wakefield v. Crinnian, et al.,* 44 F.Supp.3d 1195 (N.D.Ala.2014) and *Andalusia Enter., Inc. v. Evanston Ins. Co.,* 487 F.Supp.2d 1290 (N.D.Ala.2007) unpersuasive. *Wakefield* did not concern a declaratory judgment action related to an insurance coverage context. Instead, the plaintiff in *Wakefield* sought a declaration that he did not mismanage a company. *Wakefield,* 44 F.Supp.3d at 1197–98. *Andalusia* was decided prior to *Vestavia Hills.* In fact, the Eleventh Circuit discussed *Andalusia* and disagreed with *Andalusia*'s finding that the realignment of parties in the insurance context runs contrary to Eleventh Circuit

precedent and that realignment results in impermissibly converting the action into a direct action under 28 U.S.C. § 1332(c). *Vestavia Hills,* 676 F.3d at 1315.

For these reasons, the Court finds realignment of Ritten as a plaintiff is necessary and results in diversity jurisdiction.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs Timothy Travis Murphy, River Country Land & Cattle, LLC, and Judith Diane Murphy's (DE 4) Motion for Remand and Request for Attorney's Fees and Costs (DE 4) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4 th day of September, 2015.