[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11993
Non-Argument Calendar

_____

D.C. Docket Nos. 0:08-md-01916-KAM; 9:13-cv-80146-KAM

DOES 1–98,

Plaintiffs - Appellants,

versus

BOIES, SCHILLER & FLEXNER, LLP,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2017)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal arises from a representation dispute between Paul Wolf ("Wolf") and Appellee Boies, Schiller & Flexner LLP ("BSF") regarding 97 Colombian nationals.[1]  Wolf, a licensed attorney, traveled to Colombia more than ten years ago to seek clients for a civil lawsuit against Chiquita Brands International, Inc. ("Chiquita") after Chiquita pled guilty to engaging in transactions with a Colombian terrorist organization.  Wolf claims to have developed more than 1,000 cases within the first three years of his efforts.  BSF, meanwhile, engaged a Colombian law firm to aid in obtaining clients for similar lawsuits.

At least 88 individuals who have pursued claims against Chiquita signed representation agreements with BSF after they had previously signed representation agreements with Wolf.  Wolf and BSF engaged in a de-duplication process in which BSF agreed that Wolf should represent all of the dually-represented Colombian nationals in their claims against Chiquita.

The Plaintiffs then filed suit against BSF. In their First Amended Complaint, they alleged fraud, malpractice, and invasion of privacy based on the dual representation incidents.[2]  Their primary concern was that the publication of their names in a lawsuit against Chiquita would lead to reprisals by a group involved in

---

[1] Despite the case caption indicating that 98 Does are involved in the case, one person was apparently counted twice at the time it was generated.

[2] Paul Wolf also represented the Doe plaintiffs in this action.

2

the Colombian conflict that Chiquita had funded.  BSF moved to dismiss this complaint under Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. The District Court granted the 12(b)(1) motion and dismissed the case for lack of subject matter jurisdiction.[3]  The Plaintiffs appealed.  After review, we affirm.

## I.

Questions of law and legal conclusions concerning subject matter jurisdiction, "including standing[,]" are reviewed *de novo*.  *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).  The District Court's "findings of jurisdictional facts" are reviewed for clear error.  *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313.

## II.

The Constitution "limits the federal courts to deciding 'cases' and 'controversies.'"  *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (quoting U.S. Const. art. III, § 2).  Standing is a doctrine "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, ___ U.S. ___, ___, 136 S. Ct. 1540, 1547 (2016).  The "'irreducible constitutional minimum' of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

---

[3] The District Court did not decide the 12(b)(6) motion.  Because we affirm the District Court's dismissal for lack of subject matter jurisdiction, we do not discuss the 12(b)(6) motion.

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)).

Injury in fact is the "'first and foremost' of standing's three elements." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003, 1016 (1998)). For the element to be established, the plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.*, 136 S. Ct. 1548 (quoting *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2130). Mere "[a]llegations of possible future injury" will not establish an injury in fact. *Whitmore v. Ark.*, 495 U.S. 149, 158, 110 S. Ct. 1717, 1724 (1990). Indeed, a "threatened injury must be 'certainly impending' to constitute injury in fact." *Id.*, 110 S. Ct. 1724–25 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 2308 (1979)).

## III.

The Appellants failed to show an injury in fact that is sufficiently imminent to satisfy the first element of standing. They have not alleged any actual threat or harm relating to the dual representation incidents. The Appellants argue that the disclosure of their names could put them in harm's way, as it may serve to provide a reason for parties in the ongoing Colombian conflict to believe the Appellants

4

have aligned with the opposition.  But the Appellants have failed to allege any facts that would show a threat that is "certainly impending" and would confer standing.

The Appellants' remaining arguments regarding BSF's interference in their attorney-client relationship are also unavailing.  None of the Appellants were harmed in any way by the dual-representation incidents.  In fact, as BSF notes and Wolf does not deny, at least eight plaintiffs would have been left with no representation at all had BSF agreed to Wolf's first request for BSF to terminate representation prior to the de-duplication process.  The de-duplication process itself was designed with these types of fact situations in mind.  If the attorneys believed their representation of a client predated another, they could engage in the de-duplication process.  This is what happened here, and both Wolf and BSF resolved their dispute without any plaintiff going without legal representation.

Finally, the Appellants' claims regarding the costs of de-duplication and litigation are meritless.  It is "[o]bvious[]" that a plaintiff cannot gain standing either by "bringing suit for the cost of bringing suit" or merely by seeking "reimbursement of costs that are a byproduct of the litigation itself." *Steel Co.*, 523 U.S. at 107, 118 S. Ct. at 1019.  These claims do not give Appellants standing.

5

The Appellants have failed to show they suffered an injury in fact sufficient to confer standing to bring their claims.  Accordingly, the District Court's dismissal for lack of subject matter jurisdiction is AFFIRMED.