[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12748

Non-Argument Calendar

_____

LATISHA BOLDEN,

Plaintiff-Appellant,

*versus*

NAUTILUS INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:20-cv-00390-ECM-JTA

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This is an insurance garnishment suit. Latisha Bolden sued Arnetta Moore,[1] who was insured by Nautilus Insurance Company through a policy held by the Alabama Education Association. Bolden won a default judgment against Moore in state court for $2 million, then amended the complaint to add Nautilus and the AEA.

Nautilus removed the case to federal court. It also filed a counterclaim seeking a declaratory judgment that it did not owe coverage to Moore for the judgment against her because either Moore failed to cooperate in the litigation, as required by the insurance policy, or the event wasn't covered by the policy. Nautilus then moved to dismiss the garnishment claim against the AEA and moved for summary judgment on its counterclaim for declaratory judgment. Bolden, in turn, moved to remand to the Circuit Court of Macon County because the AEA defeated diversity.

The district court dismissed the AEA from the case as fraudulently joined and granted Nautilus's motion for summary judgment on its counterclaim for declaratory judgment. Bolden appeals, arguing that the AEA was improperly dismissed and that the district court erred in granting summary judgement because there

---

[1] Bolden also sued Dawn Smith-Tucker. The district court severed and remanded Bolden's claims against Smith-Tucker for lack of jurisdiction. We do not consider the claims against Smith-Tucker here.

was a genuine dispute of material fact about whether Moore cooperated in the litigation.  We disagree and affirm.

## I

First, we address jurisdiction—specifically, whether the district court erred in dismissing the AEA from the case as fraudulently joined.  Bolden is a citizen of Alabama; Nautilus is a citizen of Arizona; and Moore is a citizen of Michigan.  Because the AEA is also a citizen of Alabama, the district court had jurisdiction only if the AEA was properly dismissed from the case.

We review the denial of a motion to remand de novo.  *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).  "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court."  *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  In such circumstances, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder,' and a federal court may appropriately assert its removal diversity jurisdiction over the case."  *Id.* (citation omitted).

A defendant can succeed on its claim that a co-defendant was fraudulently joined by showing by clear and convincing evidence that there is no possibility the plaintiff can state a cause of action against the non-diverse defendant.  *Id.*  The fraudulent joinder determination "must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*"  *Legg v. Wyeth*, 428 F.3d 1317, 1322

(11th Cir. 2005) (emphasis and citation omitted). "The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure] 56(b).'" *Id.* at 1322–23 (citation omitted). Thus, "the district court must 'resolve all questions of fact . . . in favor of the plaintiff.' But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323 (omission in original) (citation omitted).

The AEA was not a proper party to the insurance-proceeds garnishment action. Alabama Code § 27-23-2 provides that, after obtaining a final judgment for loss caused by bodily injury, as here, a "judgment creditor" like Bolden "may proceed against the defendant"—here, Moore—"and the insurer"—Nautilus—"to reach and apply the insurance money to the satisfaction of the judgment." Neither the statute nor case law supports a suit against a third-party entity that is neither the insurer nor the insured.

The AEA was neither the defendant in the initial action nor an insurer subject to an action under § 27-23-2. Nautilus submitted a declaration explaining that the AEA is the "insured unit," not an insurer. The Certificate of Insurance lists Nautilus as the insurer and the AEA as the "Participating Unit," while it lists "All Unified Members and All Student Members" as the "Insured." Additionally, the Certificate of Insurance defines "insured" to mean "[a] natural person who, at the time of . . . the alleged incidents, acts, or events which give rise to a claim . . . was a member of the unit named in the declarations page."

Based on the pleadings and affidavits, there is no reason to believe that the AEA is an insurer under Alabama Code § 27-23-2. Accordingly, Bolden does not have any plausible cause of action against the AEA and the district court properly dismissed the AEA.

## II

On, then, to the summary judgment decision. "We review a district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021) (citation omitted).

"The law is clear that a judgment creditor's right under § 27-23-2 to proceed against the insurance company to satisfy a judgment obtained against the defendant/insured is dependent upon the rights of the insured against its insurer under the policy." *St. Paul Fire & Marine Ins. Co. v. Nowlin*, 542 So. 2d 1190, 1194 (Ala. 1988); *see also Barton v. Nationwide Mut. Fire Ins. Co.*, 524 F. Supp. 3d 1219, 1228 (N.D. Ala. 2021) ("[R]ecovery under Section 27-23-2 is circumscribed by the coverage limitations of the insured's insurance policy."). Thus, in a § 27-23-2 action, the injured party "effectively stands in the shoes of the insured tortfeasor[] . . . in making h[er] claim, and [s]he is entitled to recover from [the insurer] only to the extent of [the insured tortfeasor's] coverage for the claims asserted against them." *Admiral Ins. Co. v. Price-Williams*, 129 So. 3d 991, 997 (Ala. 2013).

Under the terms of her insurance contract with Nautilus, Moore was required to "cooperate with [Nautilus]," including by

"attend[ing] hearings and trials" and "assist[ing] in effecting settlements and obtaining the attendance of witnesses."

There is no genuine dispute of material fact about Moore's lack of cooperation in the litigation against her. Moore failed to appear for her scheduled deposition repeatedly and for a prolonged period—despite four court orders and Nautilus' offer to pay her travel expenses. That Moore or her counsel participated in certain aspects of the state court litigation is insufficient to create a genuine dispute of material fact as to whether Moore failed to cooperate with respect to her deposition—a key component of the litigation which led to the entry of the default judgment. The state court explained that Moore "ha[d] repeatedly failed and refused to appear for deposition testimony in direct contempt of multiple Orders of this Court, leaving the Court with no recourse other than to enter a default judgment against her."

Accordingly, Moore did not satisfy the terms of the insurance policy and Nautilus does not owe coverage to Moore for the judgment obtained by Bolden.

**AFFIRMED.**